OPINION
{¶ 1} Plaintiff-Appellant, State of Ohio, appeals the judgment of the Marion County Court of Court of Common Pleas.
 {¶ 2} On January 10, 2002, Defendant-appellee, Dean Armbruster, was indicted for Domestic Violence in violation of R.C. 2919.25(A) as a felony of the fifth degree. The state, in order to increase the penalty for the alleged domestic violence from a first degree misdemeanor to a fifth degree felony pursuant to 2919.25(D), sought to introduce evidence that Armbruster had previously been convicted of two misdemeanor counts of domestic violence in June of 2000.
 {¶ 3} On May 22, 2002, Armbruster filed a motion seeking to prohibit the state from introducing evidence of the two prior domestic violence convictions. The basis of Armbruster's motion was that his prior convictions and pleas of no contest were uncounseled and constitutionally infirm. Armbruster's motion was heard in the Marion County Court of Common Pleas on August 7, 2002.
 {¶ 4} On April 7, 2003, the trial court granted Armbruster's motion to exclude evidence of his prior convictions. As a result, the state is effectively precluded from prosecuting Armbruster for felony domestic violence and is limited to prosecuting him for first degree misdemeanor domestic violence. The state of Ohio appeals the April 7, 2003 judgment of the trial court and further proceedings in the trial court have been stayed pending resolution of this appeal.
 {¶ 5} The state sets forth four assignments of error for our review. As the first three assignments of error involve interrelated issues, we elect to address them together.
 ASSIGNMENT OF ERROR NO. I The trial court erred in holding that a prior petty offensemisdemeanor without the judge conducting a colloquy with thedefendant about rights to a jury trial, to present evidence, tocompel the attendance of witnesses, to remain silent, and torequire the state to prove guilty beyond a reasonable doubt.
 ASSIGNMENT OF ERROR NO. II The trial court erred in allowing the defendant-appellee tocollaterally attack his prior conviction on the basis of analleged non-compliance with the criminal plea procedure.
 ASSIGNMENT OF ERROR NO. III The trial court erred in ruling that a prior uncounseledmisdemeanor conviction could not be used to enhance a subsequentoffense to a felony since the defendant presented no evidencethat he had failed to knowingly, voluntarily, and intelligentlywaive his right to counsel in the previous case.
 {¶ 6} When the state seeks to use a prior offense to enhance the degree of a subsequent offense, the "defendant may challenge the use of the prior conviction for enhancement purposes by alleging a constitutional infirmity." State v. Lamar (June 28, 2001), 10th Dist. No. 00AP-1204, unreported, 2001 WL 722084. "When a defendant raises a constitutional question concerning a prior conviction, he must lodge an objection as to the use of this conviction and he must present sufficient evidence to establish a prima facie showing of constitutional infirmity."State v. Adams (1988), 37 Ohio St.3d 295, paragraph two of the syllabus. Absent a prima facie case for infirmity, "a reviewing court must presume all underlying proceedings were conducted in accordance with the rules of law." State v. Brandon (1989),45 Ohio St.3d 85, syllabus.
 {¶ 7} A review of the relevant case law reveals that "to date, only one constitutional infirmity (with regard to a collateral attack on a conviction which has been used to enhance the degree of a criminal offense) has been recognized by the Ohio or United States Supreme Courts." State v. Culberson (2001),142 Ohio App.3d 656, 660. "That infirmity consists of a conviction obtained without the assistance of counsel, or its corollary, an invalid waiver of the right to counsel." Id., citing Brandon, 45 Ohio St.3d at 86; Baldasar v. Illinois
(1980), 446 U.S. 222, 226; Nichols v. United States (1994),511 U.S. 738; Custis v. United States (1994), 511 U.S. 485, 496. In fact, in Custis, the United States Supreme Court was asked to extend the right to attack collaterally prior convictions used for sentence enhancement beyond the right to have appointed counsel. Custis, 511 U.S. at 496. The Court specificially refused to do so, stating "that since the decision in Johnson v.Zerbst more than half a century ago, and running through our decisions in Burgett and Tucker, there has been a theme that failure to appoint counsel for an indigent defendant was a unique constitutional defect." Id. Thus, the only permissible collateral attack on a prior conviction is when that conviction was obtained without the benefit of counsel or a valid waiver thereof.
 {¶ 8} In this case, Armbruster challenged the use of his prior conviction to enhance the level of his current charge from that of a misdemeanor to a felony because he was not properly advised of his right to counsel, did not receive counsel during this prior conviction, and did not validly waive the right to counsel. The Rules of Criminal Procedure provide differing standards, based upon the seriousness of the offense, regarding the proper method of advising a criminal defendant of his right to counsel. See Crim.R. 11, 44. The two prior misdemeanor convictions of domestic violence that the state sought to use to enhance the level of the current offense carried a maximum penalty of up to 180 days (six months) in jail. Crim.R. 2(C) provides that a "`[s]erious offense' means any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." (Emphasis added.) A "petty offense" means any "misdemeanor other than a serious offense." Crim. R. 2(D). Because the maximum term of confinement Armbruster could have faced for each of the misdemeanor offenses was six months, these prior charges are misdemeanor petty offenses. Thus, these prior convictions are governed by Crim.R. 11(E), which involves "[m]isdemeanor cases involving petty offenses."
 {¶ 9} For misdemeanor cases involving petty offenses "[t]he counsel provisions of Crim.R. 44(B) and (C) apply[.]" Crim.R. 11(E). Crim.R. 44 states:
(B) Where a defendant charged with a petty offense is unableto obtain counsel, the court may assign counsel to represent him.When a defendant charged with a petty offense is unable to obtaincounsel, no sentence of confinement may be imposed upon him,unless after being fully advised by the court, he knowingly,intelligently, and voluntarily waives assignment of counsel.
 (C) Waiver of counsel shall be in open court and the adviceand waiver shall be recorded as provided in Rule 22. In addition,in serious offense cases the waiver shall be in writing.
Crim. R. 44(B and C). Crim.R. 22 provides that "all waivers of counsel required by Rule 44(B) shall be recorded[.]"
 {¶ 10} Initially, we note that although the burden of establishing a prima facie case of constitutional infirmity was on Armbruster, the state agreed to play the tape of the prior proceedings and proceed with its first witness, Judge William Finnegan, the municipal court judge that presided at the prior proceedings at issue in this case, in recognition of Judge Finnegan's busy schedule. Moreover, the state conceded that Armbruster had satisfied his burden with the documents he submitted in support of his motion to suppress. The remaining evidence regarding Armbruster's prior convictions revealed the following.
 {¶ 11} On June 1, 2000, during his arraignment for the two prior domestic violence offenses, Armbruster submitted an affidavit of indigency to the trial court, requesting a court-appointed attorney. However, the trial court denied his request because his income exceeded the guidelines set by the Public Defender's Office for indigency status. Armbruster did not challenge the decision of the trial court, and he later appeared at the June 7, 2000 sentencing hearing without counsel. These facts, alone, suggest that he was aware of and understood his right to counsel.
 {¶ 12} During the sentencing hearing, after the trial court explained to Armbruster the sentence he would receive in exchange for his plea of no contest, the court proceeded to ask Armbruster in open court if he "looked over [the explanation of rights][1] form and wish[ed] to give up those rights that are spelled out there at this time?" Armbruster answered the court in the affirmative.[2] Among the rights listed in the explanation of rights form signed by Armbruster were the right to know the nature of the charges, the right to an attorney, the right to bail, and the right to a jury trial. The last paragraph of the explanation of rights form, which appears directly above the place of signature for a defendant, reads as follows:
I understand the charge(s) against me and the possible maximumpenalties. Having knowingly, intelligently and voluntarily waivedmy rights, I plead GUILTY/NO CONTEST to the charge(s) againstme.
 {¶ 13} Armbruster signed the explanation of rights form in the presence of the Assistant City Law Director prior to the sentencing hearing on June 7, 2001. He then acknowledged, in open court, that he wished to waive the rights listed on the form. Judge Finnegan, who accepted the plea and before whom Armbruster affirmed the signing of the explanation/waiver of rights form, testified that he believed Armbruster understood his rights and had voluntarily waived them.
 {¶ 14} In summary, we find that the counsel requirements of Crim. R. 11(E), as well as Crim.R. 44(B and C) were satisfied, if minimally, and that Armbruster knowingly, intelligently, and voluntarily waived his right to counsel. Accordingly, Armbruster's prior pleas were not properly excluded in the present matter.
 {¶ 15} Based on the foregoing, the second and third assignments of error are sustained. In addition, the first assignment of error is sustained, as this type of collateral attack was not a permissible area of inquiry for the trial court.
 ASSIGNMENT OF ERROR NO. IV The trial court erred in ruling that the state cannotintroduce evidence of the defendant-appellee's prior courtproceedings where counsel was appointed for him to help rebut aclaim that the defendant-appellee did not knowingly,intelligently, and voluntarily waive his right to counsel in alater case.
 {¶ 16} Our review of this issue begins by noting that "the decision of whether or not to admit evidence rests in the sound discretion of the [trial] court[.]" Wightman v. Consol. RailCorp. (1999), 86 Ohio St.3d 431, 437, citing Peters v. OhioState Lottery Comm. (1992), 63 Ohio St.3d 296, 299; see, also,State v. Sage (1987), 31 Ohio St.3d 173, 182. Thus, this Court will not disturb the trial court's decision unless it is unreasonable, arbitrary, or capricious. In addition, this abuse of discretion must have materially prejudiced the objecting party. See State v. Lowe (1994), 69 Ohio St.3d 527, 532, citingState v. Maurer (1984), 15 Ohio St.3d 239, 265.
 {¶ 17} The Rules of Evidence provide that, absent an exception, all relevant evidence is admissible. Evid.R. 402. Thus, the documents that the state sought to introduce to show that Armbruster fully understood his right to counsel should, ordinarily, have been allowed. However, the state presented no evidence that these documents, which it claimed were court documents previously signed by Armbruster, involved this particular Dean Armbruster. In short, the trial court did not err by refusing to consider these documents as there was no evidence that these exhibits involved the same defendant. Thus, the fourth assignment of error is overruled in this regard.
 {¶ 18} For these reasons, the judgment of the Common Pleas Court of Marion County, Ohio, is reversed and the cause remanded for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
Walters, P.J., and Shaw, J., concur.
[1] The "explanation of rights form" is also referred to as the "green form" or "green form of rights."
[2] Although Armbruster's answers to Judge Finnegan's questions are inaudible on the tape of the proceeding, and consequently not in the transcript of the proceeding, Judge Finnegan testified that Armbruster answered his questions in the affirmative. Furthermore, Armbruster does not allege that he failed to answer Judge Finnegan or that he responded in the negative.