[Cite as *State v. Waskelis*, 2013-Ohio-4121.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2012-P-0152 and 2013-P-0010** |
| LARRY W. WASKELIS, | : | |
| Defendant-Appellant. | : | |

Civil Appeals from the Portage County Court of Common Pleas, Case No. 2011 CR 0027.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Larry W. Waskelis*, pro se, PID# A601710, Mansfield Correctional Institution, P.O. Box 788, Mansfield, OH 44901 (Defendant-Appellant).


DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Larry W. Waskelis, appeals from the October 30, 2012 Order and Journal Entry of the Portage County Court of Common Pleas, denying his postconviction Petition to Vacate and Set Aside Conviction and Sentence. The issues to be determined by this court are whether a defendant's postconviction petition can be denied, without a hearing, when the issue related to the ineffective assistance of counsel was not raised on appeal, and whether the trial court made proper factual findings and conclusions of law when it stated that the matter was barred by res

judicata.  For the following reasons, we affirm the decision of the trial court.

{¶2}   On April 15, 2011, following a jury trial, Waskelis was found guilty of six counts of Rape, felonies of the first degree, in violation of R.C. 2907.02(A)(1)(b).  On four counts of Rape (counts three through six of the indictment), the jury made additional findings that the victim was "less than ten [years old]" at the time of the offense.  Waskelis was also found guilty of three counts of Gross Sexual Imposition, felonies of the third degree, in violation of R.C. 2907.05(A)(4).

{¶3}   The charges against Waskelis were related to his sexual contact with his girlfriend's minor daughter, A.B.  A.B. testified that she was being sexually abused by Waskelis.  Nurse Carlin Johnson, a pediatric sexual assault nurse at the Portage County Children's Advocacy Center, testified regarding A.B.'s allegations against Waskelis and described the physical exam she performed.  Dr. Paul McPherson explained that, based on his review of the exam performed by Johnson and the statements of A.B., "[w]ithin a reasonable degree of medical certainty, her evaluation is consistent with child sexual abuse."  The evidence presented at trial is further described in *State v. Waskelis*, 11th Dist. Portage No. 2011-P-0035, 2012-Ohio-3030, ¶ 4-19.

{¶4}   In a May 9, 2011 sentencing Order and Journal Entry, the court found that Waskelis was a Tier III Sex Offender.  Waskelis was sentenced to life in prison, with eligibility for parole after ten years, for the first count of Rape, into which count two merged.  Waskelis was sentenced to life in prison with no parole on the third count of Rape, into which count four merged.  On the fifth count of Rape, Waskelis was sentenced to life in prison with parole eligibility after fifteen years, into which the sixth count of Rape merged.  The three counts of Gross Sexual Imposition were merged with

2

the sentence in count one.  All sentences were ordered to be served consecutively.

{¶5}    On May 20, 2011, Waskelis filed a Notice of Appeal.

{¶6}    On December 27, 2011, Waskelis filed a Petition to Vacate and Set Aside Conviction and Sentence, based on the ineffective assistance of counsel at trial. Waskelis asserted that competent counsel would have called an expert witness on his behalf to raise concerns about the reliability and weight of the testimony of the State's witnesses, including Dr. McPherson and Nurse Johnson.

{¶7}    In support of his Petition, Waskelis attached the affidavit of Jolie S. Brams, Ph.D., a clinical and forensic psychologist.  In her affidavit, Brams stated that she had reviewed the evidence in Waskelis' case and took issue with several areas of testimony and defense counsel's failure to consult and hire an expert.  She asserted that an expert retained by the defense could have educated defense counsel on appropriate investigation tactics and "the need to develop alternative hypotheses as part of a valid forensic investigation," and shared information regarding various issues with the jury. Specifically, she contended that Nurse Johnson may not have been able to provide a proper evaluation of the sexual abuse, since she served as an advocate for the child and took A.B.'s statement in a "supportive" manner, which may have affected the validity of A.B.'s report of Waskelis' actions.  In addition, Brams contended that there should have been exploration into the victim's life experiences and her reasons for reporting the rape.

{¶8}    Brams also explained that an expert could have provided testimony that Nurse Johnson was not qualified to make a medical diagnosis and that Dr. McPherson merely signed off on her evaluation of A.B.  Brams noted that Dr. McPherson had no

3

personal knowledge of A.B.'s affect or physical presentation, and an expert could have pointed this out to the jury.

{¶9} Brams concluded that the failure to retain an expert witness resulted in "deficits in the presentation" of certain concepts and opinions to the jury.

{¶10} On June 29, 2012, this court issued its decision in *Waskelis*, 2012-Ohio-3030, affirming Waskelis' convictions. In that opinion, inter alia, this court concluded that counsel was not ineffective by failing to object to the admission of testimony regarding the sexual abuse given by Dr. McPherson, who opined that A.B. was sexually abused, based on his review of her medical record and statements. *Id.* at ¶ 69

{¶11} On October 30, 2012, the trial court issued an Order and Journal Entry, denying Waskelis' Petition. The court found that "there are no substantive grounds for relief and the Petitioner is not entitled to relief." The court held that Waskelis' claim "did not show that Defendant's trial counsel was ineffective" and that the claim of ineffective assistance was barred by res judicata.

{¶12} On November 16, 2012, Waskelis filed a Motion of Defendant Requesting an Evidentiary Hearing and Final Appealable Order, asserting that a hearing should be conducted on the Petition and that the trial court's Journal Entry did not include findings of fact and conclusions of law, as required by R.C. 2953.21(G). The trial court has not ruled on that Motion.

{¶13} Waskelis filed his Notice of Appeal on November 26, 2012, and raises the following assignments of error:

{¶14} "[1.] [The] Trial court err[ed] when it claimed Res Judicata and denied Defendant['s] Postconviction Petition to Vacate and [failed to] set aside his conviction

4

and sentence for a claim of Ineffective assistance of trial counsel, for failing to employ an expert to refute the testimony of the alleged victim and medical person[n]el.

{¶15} "[2.] [The] Trial Court err[ed] by not granting an Evidentiary Hearing.

{¶16} "[3.] [The] Trial court err[ed] when it failed to issue finding[s] of fact and conclusions of law in accordance with O.R.C. 2953[.]21(G), failing to give a final appealable order."

{¶17} "Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." R.C. 2953.21(A)(1)(a). "Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief." R.C. 2953.21(C).

{¶18} "In a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." *State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819 (1980), syllabus. Thus, "the defendant, in order to secure a hearing on his petition, must proffer evidence which, if believed, would establish not only that his trial counsel had substantially violated at least one of a defense attorney's essential duties to his client but also that said violation was prejudicial to the defendant." *State v. Cole*, 2 Ohio St.3d 112, 114, 443 N.E.2d 169

5

(1982). "[W]here a petitioner relies upon affidavit testimony as the basis of entitlement to postconviction relief, and the information in the affidavit, even if true, does not rise to the level of demonstrating a constitutional violation, then the actual truth or falsity of the affidavit is inconsequential." *State v. Calhoun*, 86 Ohio St.3d 279, 284, 714 N.E.2d 905 (1999).

{¶19} "[I]n a postconviction case involving a claim of ineffective assistance of trial counsel[,] '[a]bsent a showing of abuse of discretion, a reviewing court will not overrule the trial court's finding on a petition for post-conviction relief which is supported by competent and credible evidence.'" (Citation omitted.) *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 50. The trial court's discretion in postconviction relief proceedings encompasses the determination of "whether a defendant will even receive a hearing." *Id*. at ¶ 51; *State v. Hendrex*, 11th Dist. Trumbull No. 2010-T-0103, 2011-Ohio-1588, ¶ 28.

{¶20} In his first assignment of error, Waskelis argues that the trial court erred in finding that his claim was barred by res judicata, since he attached evidence that was not available for use at trial, in the form of the affidavit from psychologist Jolie Brams. He also asserts that this issue could not be raised in his direct appeal, due to the fact that there was no evidence present at the time of the trial regarding the consultation of potential defense experts.

{¶21} The State contends that the matter was barred by res judicata, since the issue of ineffective assistance of counsel could have been determined on direct appeal, and Brams' affidavit did not contain new evidence that was unavailable at the time of the trial.

6

**{¶22}** "Under the doctrine of res judicata, a defendant who was represented by counsel may not raise an issue in a petition for postconviction relief if he or she raised or could have raised the issue at trial or on direct appeal." *State v. Lesure*, 11th Dist. Lake No. 2006-L-139, 2007-Ohio-4381, ¶ 22, citing *State v. Reynolds*, 79 Ohio St.3d 158, 161, 679 N.E.2d 1131 (1997); *Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169, at syllabus ("[w]here defendant, represented by new counsel upon direct appeal, fails to raise therein the issue of competent trial counsel and said issue could fairly have been determined without resort to evidence *dehors* the record, *res judicata* is a proper basis for dismissing defendant's petition for postconviction relief"). "To avoid the application of res judicata, the evidence supporting appellant's claim must assert competent, relevant and material evidence outside the trial court's record, and it must not be evidence that existed or was available for use at the time of trial." (Citation omitted.) (Emphasis deleted.) *State v. Schrock*, 11th Dist. Lake No. 2007-L-191, 2008-Ohio-3745, ¶ 21.

**{¶23}** We reject Waskelis' contention that the expert opinion attached to his Petition to Vacate constituted evidence dehors the record sufficient to avoid the application of res judicata. The claims against defense counsel's competency are based on the allegations of Waskelis and Brams and relate to counsel's failure to retain an expert on Waskelis' behalf, who may have testified and advised counsel regarding issues related to child sexual abuse cases. Waskelis could have raised this argument during his direct appeal. *State v. Miller*, 11th Dist. Trumbull No. 2012-T-0007, 2012-Ohio-4895, ¶ 23 (appellant's failure to raise the ineffective assistance of counsel claim on direct appeal resulted in the argument being barred by res judicata in his

7

postconviction petition). Evidence of trial counsel's alleged failures was in the record itself or was otherwise known to Waskelis, inasmuch as it was clear no experts were retained and Waskelis' counsel, during cross-examination, pointed to specific flaws in the State's witnesses' testimony regarding the examination of A.B. In fact, similar issues were raised on appeal, with appellate counsel arguing that Dr. McPherson's testimony was improper. However, appellate counsel, although raising ineffective assistance of counsel, did not assert that counsel was ineffective by failing to hire an expert. Thus, the issue of whether appellant's trial counsel was ineffective for failing to employ an expert could have fairly been determined without Brams' affidavit and this matter is barred by res judicata. *See State v. Knapp*, 11th Dist. Ashtabula No. 2012-A-0035, 2013-Ohio-870, ¶ 36 ("[t]he substance of the expert reports [presented in the postconviction petition] is relevant to an assessment of the prejudicial impact of not presenting such testimony at trial; it is not relevant, in this case, to the issue of whether [defense counsel's] deficient performance was apparent so as to have been raised on direct appeal").

{¶24} Assuming, arguendo, that res judicata did not apply to Waskelis' Petition, he failed to present sufficient operative facts demonstrating that defense counsel was constitutionally deficient.

{¶25} As this court has explained, when the cross-examination of a witness by defense counsel during a trial "effectively brought forth the points emphasized" by the expert in an affidavit attached to the post-conviction petition asserting that defense counsel should have called its own witness, "a defense expert could have been viewed as unnecessarily cumulative." *State v. Hendrix*, 11th Dist. Lake No. 2012-L-080, 2013-

8

Ohio-638, ¶ 20. Thus, "[a]ppellant's arguments relating to counsel's failure to employ an expert could have been fairly resolved without recourse to [the] affidavit." *Id.* In this case, during cross-examination, Waskelis' counsel emphasized that Dr. McPherson did not speak with or perform an examination of A.B., making it clear to the jury that this was a potential defect in his testimony. While Brams also took issue with the fact that the jury did not get an explanation as to what motivations A.B. would have had for lying, the theory that A.B. may have lied was presented during cross-examination, where counsel was able to elicit statements from the victim that Waskelis and her mother had a difficult relationship and that she was upset that Waskelis had hurt her mother and that the two continued dating. To the extent that Brams stated that defense counsel should have hired an expert to inform him on how to address various aspects of the case and handling of the State's witnesses, it appears counsel was able to elicit responses to present to the jury without consultation with an expert.

{¶26} The points raised in the affidavit essentially amount to a criticism of defense counsel's trial strategy, especially in that it emphasized the "deficits in the presentation" of Waskelis' case. Whether it was necessary to have an expert to explain certain interviewing techniques of juvenile victims is the type of decision that should be left to counsel. It is a legitimate tactical decision for a defendant not to call an expert and cross-examine the State's witnesses to discredit its case. *State v. Nicholas*, 66 Ohio St.3d 431, 436, 613 N.E.2d 225 (1993), citing *State v. Thompson*, 33 Ohio St.3d 1, 10-11, 514 N.E.2d 407 (1987).

{¶27} In addition, Brams did not indicate that she reviewed the medical records or the entire interview with A.B. She does not state that she could offer a conclusion

9

that A.B. was not raped by Waskelis. She merely asserts that consultation with an expert could assist in the defense or that testimony providing information about interview techniques could be presented. She did not establish that she or any other expert would have been willing to testify in this matter. *Hendrex*, 2011-Ohio-1588, at ¶ 51 (finding lack of sufficient operative facts when an affidavit contained "speculation and conjecture"). The affidavit's analysis appears to be speculative, since it is unclear if the recommendations would have benefited the defense or have led to a different outcome in this case. The affidavit of Brams did not provide a basis to find that there were sufficient operative facts to support Waskelis' Petition.

{¶28} The first assignment of error is without merit.

{¶29} In his second assignment of error, Waskelis argues that the court was required to conduct an evidentiary hearing, since he raised adequate grounds for relief in his Petition.

{¶30} The State contends that since Waskelis did not establish substantive grounds for relief, the court did not need to hold a hearing.

{¶31} It is well-established that R.C. 2953.21 "does not expressly mandate a hearing for every post-conviction relief petition and, therefore, a hearing is not automatically required." *Jackson*, 64 Ohio St.2d at 110, 413 N.E.2d 819. "Pursuant to R.C. 2953.21(C), a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905, at paragraph two of the syllabus.

10

{¶32} As described above, Waskelis' post-conviction petition was barred by res judicata, which was evident from the record. A hearing would not bring to light additional evidence and was not necessary since there were not sufficient operative facts presented to establish grounds for relief. The trial court did not err by failing to hold an evidentiary hearing.

{¶33} The second assignment of error is without merit.

{¶34} In his third assignment of error, Waskelis asserts that the trial court failed to issue a final order that included proper findings of facts and conclusions of law, since the court's Journal Entry contained only the "bare conclusion" that Waskelis' claim was barred by res judicata.

{¶35} The State argues that the trial court issued sufficient findings of fact and conclusions of law and was not required to address every specific issue raised by Waskelis.

{¶36} "A decision or order dismissing a petition for postconviction relief is not a final appealable order until the trial court files the requisite findings of fact and conclusions of law." *State v. Henry*, 11th Dist. Lake No. 2008-L-178, 2010-Ohio-1446, ¶ 39. "If the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition." R.C. 2953.21(G); *see also* R.C. 2953.21(C) (when a trial court dismisses a postconviction relief petition without holding an evidentiary hearing, it must enter findings of fact and conclusions of law).

{¶37} "While a trial court need not discuss every issue that the petitioner raises or engage in an elaborate and lengthy discussion in its findings of fact and conclusions

11

of law, its findings must be sufficiently comprehensive and pertinent to the issues to form a basis upon which the evidence supports the conclusion." *State v. McKnight*, 4th Dist. Vinton No. 06CA645, 2006-Ohio-7104, ¶ 5, citing *Calhoun*, 86 Ohio St.3d at 291-292, 714 N.E.2d 905. The reasons for requiring such findings are "to apprise petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause." (Citation omitted.) *State v. Mapson*, 1 Ohio St.3d 217, 219, 438 N.E.2d 910 (1982).

{¶38} In this case, the court found that Waskelis' "claim did not show that [his] trial counsel was ineffective" and that "the claim of ineffective assistance of counsel is res judicata." The court outlined the facts of the case in its eight page Order and Journal Entry. It described Waskelis' argument, that he was denied effective assistance of counsel due to counsel's failure to hire an expert to refute the medical testimony and the victim's testimony presented by the State. Although there was not an "elaborate and lengthy discussion" of its conclusions of law, it did apprise Waskelis of the reasons for dismissal of the petition, specifically that it was barred by res judicata. The fact that the sections of the Journal Entry were not explicitly described as findings of facts and conclusions of law, although the court did say that its denial of the Petition was based on its findings of fact and conclusions of law, does not alter this conclusion. *State ex rel. Carrion v. Harris*, 40 Ohio St.3d 19, 20, 530 N.E.2d 1330 (1988) ("[e]ven though the trial court does not specifically label its entry as findings of fact and conclusions of law, that is what its words import").

{¶39} We note that in *State v. Lester*, 41 Ohio St.2d 51, 55, 322 N.E.2d 656 (1975), the Ohio Supreme Court held that, in a trial court's dismissal of all claims based

12

on res judicata, the court should clarify the specific portions of the record that established res judicata. As was explained by this court in *State v. Fazio*, 11th Dist. Geauga No. 739, 1978 Ohio App. LEXIS 8989, 2 (Dec. 18, 1978), however, *Lester* is distinguishable, since it involved a postconviction petition with multiple claims, whereas, when there was only one claim, it was clear that the entire petition was dismissed due to res judicata and the appellant was adequately informed of the reason for dismissal. Similarly, in this case, Waskelis raised only one claim and it is apparent that the court was dismissing the petition based on its finding that this sole claim was barred by res judicata, and because the petition failed to assert substantive grounds for relief.

{¶40} Based on the foregoing, the findings of fact and legal conclusions issued by the trial court were sufficient to constitute a final order.

{¶41} The third assignment of error is without merit.

{¶42} For the foregoing reasons, the Order and Journal Entry of the Portage County Court of Common Pleas, denying Waskelis' Petition to Vacate and Set Aside Conviction and Sentence, is affirmed. Costs to be taxed against appellant.

CYNTHIA WESTCOTT RICE, J., concurs,

TIMOTHY P. CANNON, P.J., concurs in part and concurs in judgment only in part with a Concurring Opinion.

_____

TIMOTHY P. CANNON, P.J., concurring in part and concurring in judgment only in part.

13

{¶43} I respectfully concur in the judgment to affirm the trial court's decision. However, I do not agree that res judicata should bar Waskelis from raising and supporting an ineffective assistance of counsel argument upon a theory that was unavailable based on the record in the direct appeal. The majority asserts that Waskelis could have argued ineffective assistance of counsel on direct appeal due to trial counsel's failure to retain an expert. Such expert could have advised counsel and potentially could have testified on Waskelis' behalf. Because Waskelis did not make this argument on direct appeal, the majority holds the issue is barred by res judicata and cannot be raised in a petition for postconviction relief.

{¶44} The majority acknowledges that appellate counsel—who argued ineffective assistance on direct appeal—did not argue trial counsel's failure to hire an expert as a supporting theory. That is understandable because there was nothing in the record on direct appeal that suggests how an expert could or would have benefited Waskelis at trial. The majority notes it was clear from the record on direct appeal that experts were not retained in the trial court and then concludes: "Thus, the issue of whether appellant's trial counsel was ineffective for failing to employ an expert could have fairly been determined without Brams' affidavit and this matter is barred by res judicata."

{¶45} I disagree. On direct appeal, the affidavit provided by Waskelis in support of this particular theory did not exist. Without the affidavit it is unclear how, on direct appeal, Waskelis could have supported the theory argued here. As stated above, there was no information whatsoever in the record of the original appeal that explained how an expert would or could have benefited Waskelis at trial.

14

**{¶46}** This court has previously held that a new theory supporting an ineffective assistance argument, based upon evidence outside the record, must be raised in a petition for postconviction relief:

> In his direct appeal, appellant argued theories of ineffective assistance of counsel based upon evidence that was contained within the trial court record. However, in his petition for postconviction relief, appellant alleged an entirely new theory of ineffective assistance of counsel. This new theory * * * was predicated upon an October 14, 1999 interview which was not contained within the record. This new theory of ineffective assistance of counsel could only be raised in a petition for postconviction relief.

*State v. Adams*, 11th Dist. Trumbull No. 2003-T-0064, 2005-Ohio-348, ¶65.

**{¶47}** Further, the Ohio Supreme Court has stated: "Any allegations of ineffectiveness based on facts not appearing in the record should be reviewed through the postconviction remedies of R.C. 2953.21." *State v. Coleman*, 85 Ohio St.3d 129, 134 (1999), citing *State v. Cooperrider*, 4 Ohio St.3d 226, 228 (1983). *See also State v. Henderson*, 11th Dist. Trumbull No. 2010-T-0095, 2012-Ohio-740, ¶59*; State v. Tisdale*, 11th Dist. Trumbull No. 2007-T-0122, 2008-Ohio-5452, ¶13. If a new theory of ineffective assistance based on evidence outside the record cannot be raised in a petition for postconviction relief, there is no forum in which such evidence may be reviewed.

**{¶48}** Nevertheless, I agree with the disposition of the majority with respect to the denial of Waskelis' petition for postconviction relief. I agree that Waskelis has failed to demonstrate sufficient operative facts demonstrating that his defense counsel was constitutionally deficient.

15