[Cite as *State v. Lusane*, 2016-Ohio-267.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | **:** | **O P I N I O N** |
| Plaintiff-Appellee, | **:** | |
| - vs - | **:** | **CASE NO. 2014-P-0057** |
| MATTHEW M. LUSANE, | **:** | |
| Defendant-Appellant. | **:** | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2013 CR 0443.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*William B. Norman* and *Ziad K. Tayeh*, Norman & Tayeh, LLC, 11509 Lorain Avenue, Cleveland, OH 44111 (For Defendant-Appellant).


THOMAS R. WRIGHT, J.

{¶1} Appellant, Matthew M. Lusane, appeals his criminal sentence challenging his indictment and convictions on two felony counts of operating a motor vehicle while under the influence of alcohol. For the reasons to follow, we affirm.

{¶2} In July 2013, appellant was indicted on OVI offenses and one count of driving with a suspended license, a first-degree misdemeanor under R.C. 4510.11(A). The OVI charges were brought pursuant to R.C. 4511.19(A)(1)(h) and 4511.19(A)(1)(a),

and allege that appellant had pleaded guilty to, or had been convicted of, five prior OVI offenses within the last twenty years making them fourth-degree felonies pursuant to R.C. 4511.19(G)(1)(d). The OVI counts also contain a repeat offender specification under R.C. 2941.1413, predicated upon the allegation that appellant had either been convicted of, or pleaded guilty to, five other OVI offenses in the past twenty years.

{¶3} Appellant moved the trial court to dismiss all OVI counts on the basis that one of the five prior offenses listed in the indictment was invalid. Appellant argued that the conviction in Portage County Municipal Court Case No. 2005 TCR 11364 could not be used against him because, even though the judgment entry states that he entered a guilty plea to the OVI offense, in fact no plea hearing was held. In support, appellant attached to his motion a letter from a municipal court reporter asserting that a review of her 2005 calendar did not reveal any notation showing that a hearing took place as stated in the judgment entry. Accordingly, appellant contended that, as he had only four valid prior convictions, he could only be charged with a first-degree misdemeanor OVI offense, as compared to a fourth-degree felony.

{¶4} The trial court conducted an evidentiary hearing. In conjunction with the testimony of the state trooper who arrested appellant on the two underlying OVI charges, the state introduced several documents from the record at issue in the municipal court case. Included therein were copies of two pretrial reports, both of which contained notations that appellant entered a "plea" to the OVI offense. The packet also had a copy of the final sentencing judgment. In response, appellant testified regarding the substance of the court reporter's letter and the futile efforts of his previous attorney to have the municipal court conviction vacated. On cross-examination, he acknowledged that his signature was on one of the pretrial reports from the municipal

2

court case, and that both pretrial reports were signed by his attorney.

{¶5} In its written judgment denying the motion to dismiss, the trial court found that the state's evidence was sufficient to show that appellant had at least five valid prior convictions for OVI. The trial court further found that appellant was represented by legal counsel in each of the prior cases. The court accordingly concluded that he could be charged with felony OVI.

{¶6} A two-day jury trial ensued and appellant was found guilty of both OVI charges, the two accompanying repeat offender specifications, and the separate charge of driving while under suspension. The two OVI charges and accompanying specifications were merged at sentencing. Upon receiving a presentence report and holding a separate sentencing hearing, the trial court imposed two consecutive terms of two years on the remaining OVI charge and four years on the remaining specification. The court imposed a concurrent term of 180 days for driving under suspension.

{¶7} Appellant raises two assignments of error:

{¶8} "[1.] The trial court erred in denying appellant's motion to dismiss the felony indictment where appellant established a prima facie case that one of the cases used to enhance his current charge to a felony was constitutionally infirm as the trial court in that case failed to hold a plea hearing where appellant waived his trial rights and entered a guilty plea.

{¶9} "[2.] The trial court erred when it enhanced appellant's sentence pursuant to Ohio Revised Code 4511.19(G)(1)(d)(i); because R.C. 4511.19 contains two different penalties for persons who have committed six offenses within 20 years, with no differences in proof required to trigger the greater penalties, R.C. 4511.19 violates due process and equal protection."

{¶10} Under his first assignment, appellant maintains that the trial court erred in concluding that the state could employ his prior conviction in Portage County Municipal Court Case No. 2005 TCR 11364 to enhance the OVI charges in the underlying case to fourth-degree felonies. He submits that this specific conviction must be declared invalid because there is no evidence that the municipal court conducted the required Crim.R. 11(C) hearing prior to accepting his guilty plea. According to appellant, the fact that no plea hearing took place resulted in a jurisdictional error rendering the prior conviction unenforceable for enhancement purposes.

{¶11} In asserting this argument before the trial court and this court, appellant is attempting to collaterally attack the validity of the municipal court conviction. In relation to this type of challenge to a criminal conviction, the Supreme Court of Ohio has noted:

{¶12} "Generally, a past conviction cannot be attacked in a subsequent case. However, there is a limited right to collaterally attack a conviction when the state proposes to use the past conviction to enhance the penalty of a later criminal offense. A conviction obtained against a defendant who is without counsel, or its corollary, an uncounseled conviction obtained without a valid waiver of the right to counsel, has been recognized as constitutionally infirm. *State v. Brandon* (1989), 45 Ohio St.3d 85, 86, 543 N.E.2d 501; *Nichols v. United States* (1994), 511 U.S. 738, 114 S.Ct 1921, 128 L.Ed.2d 745." *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, ¶9.

{¶13} Appellant does not contend the municipal court conviction was uncounseled. Instead, he asserts that the prior conviction is constitutionally infirm due to the lack of a Crim.R. 11(C) plea hearing. But, in reviewing the relevant case law, this court has stated that a prior conviction is only subject to collateral attack for one reason. In *State v. Nadock*, 11th Dist. Lake No. 2009-L-042, 2010-Ohio-1161, the defendant

4

argued that his prior convictions for domestic violence could not be used to enhance the degree of the latest charge because, in the prior cases, he was never informed of the effect of the convictions on future charges and was not provided a full explanation of the factual bases for the prior offenses. In holding that the earlier convictions could not be collaterally attacked on those grounds, the *Nadock* court first discussed the initial burden the defendant must carry to show a "constitutional infirmity" in the prior convictions. *Id.* at ¶9. In regard to the nature of the constitutional infirmity, our opinion then stated:

{¶14} "With this procedure in mind, however, the only constitutional infirmity that a criminal defendant may allege to collaterally challenge a prior penalty-enhancing conviction is the denial of the fundamental right to be represented by counsel. *State v. Dowhan*, 11th Dist. No. 08-L-064, 2009-Ohio-684, at ¶12, citing *State v. Culberson*, 142 Ohio App.3d 656, 662-663, 2001-Ohio-3261, 756 N.E.2d 734; see, also, *Brandon*, [45 Ohio St.3d] at 86; *Custis v. United States* (1994), 511 U.S. 485, 496, 114 S.Ct. 1732, 128 L.Ed.2d 517; (wherein the Supreme Court expressly refused to extend the right to attack collaterally prior convictions used for sentencing enhancement beyond the right to have appointed counsel. Id. at 496). Such an infirmity ""*** consists of a conviction obtained without the assistance of counsel, or its corollary, an invalid waiver of the right to counsel."' [*State v. Armbruster*, 3d Dist. No. 9-03-15, 2004-Ohio-289], at ¶7, quoting *Culberson*, supra." *Id.* at ¶21. *See also, State v. Lewis*, 11th Dist. Lake No. 2009-L-138, 2010-Ohio-4288.

{¶15} The *Nadock* court relied upon the United States Supreme Court's decision in *Custis*, 511 U.S. at 496. *Custis* involved a situation in which a defendant's three prior felony convictions had the effect under federal law of increasing the length of the prison

5

term which could be imposed for illegal possession of a firearm. The *Custis* defendant sought to collaterally attack the prior convictions on three bases: "* * * the denial of the effective assistance of counsel, that his guilty plea was not knowing and intelligent, and that he had not been adequately advised of his rights in opting for a 'stipulated facts' trial." *Id.* The Supreme Court declined to increase the number of acceptable grounds for collaterally attacking a prior conviction, holding that none of the three reasons cited by the defendant rose "to the level of a jurisdictional defect resulting from the failure to appoint counsel" for an indigent defendant. *Id.* The *Custis* court noted that a violation of the right to appointed counsel was considered "a unique constitutional defect." *Id.*

{¶16} Focusing upon the use of the phrase "jurisdictional defect" in the *Custis* opinion, appellant postulates that, even though the *Custis* court rejected the three cited constitutional violations as plausible bases for collateral attack, it left open the possibility that other constitutional violations could be grounds for collateral attack so long as the violations deprive a trial court of jurisdiction over the prior case. Building upon this, he claims that the failure to conduct the Crim.R. 11(C) plea hearing is a jurisdictional defect because his basic due process rights were violated. According to appellant, without a plea hearing, he was denied his fundamental right to be heard.

{¶17} Yet, in raising this argument, appellant has not asserted that it was never his intention to plead guilty in the municipal court OVI case, and that he would have stated such to the municipal court if the plea hearing had been held. To this extent, his allegation as to the lack of a plea hearing does not raise a due process concern, but only pertains to the question of whether he entered a valid guilty plea. He is merely arguing that the municipal court did not follow the required procedure for determining whether his guilty plea was made knowingly, intelligently and voluntarily.

6

**{¶18}** In applying *Custis*, Ohio courts have consistently concluded that a prior conviction cannot be collaterally attacked on the grounds that the guilty plea was invalid due to lack of compliance with Crim.R. 11(C). *See Nadock*, 2010-Ohio-1161, at ¶22; *State v. Drager*, 2d Dist. Montgomery No. 26067, 2014-Ohio-3056; *State v. Mikolajczyk*, 8th Dist. Cuyahoga No. 93085, 2010-Ohio-75; *State v. Endsley*, 7th Dist. Columbiana No. 04-CO-46, 2005-Ohio-5631.

**{¶19}** There is no dispute that appellant was represented by counsel during the disputed municipal court case. As a result, appellant could not state proper grounds for collaterally attacking this prior OVI conviction. Moreover, since he did not dispute that he had four other prior convictions for OVI, the fourth-degree felony OVI charges were proper and his first assignment of error is without merit.

**{¶20}** Under his second assignment, appellant submits that the trial court erred in imposing an additional term of four years under the OVI repeat offender specification of R.C. 2941.1413. He argues that the specification is unconstitutional because it allows the state to impose a greater penalty for a sixth OVI conviction without having to prove an additional element. In support, he notes that the Eighth Appellate District recently found R.C. 2941.1413 unconstitutional in *State v. Klembus*, 8th Dist. Cuyahoga No. 100068, 2014-Ohio-3227, 17 N.E.3d 603, *appealed accepted*, Sup. Ct. No. 2014-1557, 141 Ohio St.3d 1473, 2015-Ohio-554, 25 N.E.3d 1080.

**{¶21}** As the state aptly notes, this court has already considered and expressly rejected the arguments raised by appellant in this assignment. In *State v. Reddick*, 11th Dist. Lake No. 2014-L-082, 2015-Ohio-1215, we concluded that the dissenting opinion in *Klembus* was more persuasive than the majority analysis:

**{¶22}** "The dissent in *Klembus* stated, 'Ohio courts have repeatedly upheld the

7

R.C. 2941.1413 enhanced penalty specification contained within R.C. 4511.19, relying on legislative intent as authorization of such cumulative punishment.' [*Klembus*, 2014-Ohio-3227,] at ¶39. The dissenting judge also cited to an opinion from this court, stating: 'The Eleventh District Court of Appeals determined that a "careful reading" of the R.C. 2941.1413 specification demonstrates that the mandatory prison term must be imposed in addition to the sentence for the underlying offense(.)' *Id.* at ¶40.

{¶23} "'The language and interplay of R.C. 4511.19[ ] and R.C. 2941.1413 demonstrate that the legislature specifically authorized a separate penalty for a person who has been convicted of or pleaded guilty to five or more OVI offenses within twenty years which shall be imposed in addition to the penalty for the underlying OVI conviction. Therefore, R.C. 4511.19[ ] and R.C. 2941.1413 "clearly reflect the legislature's intent to create a penalty for the person who has been convicted of or pleaded guilty to five or more equivalent offenses within twenty years of the OMVI offense over and above the penalty imposed for the OMVI conviction itself * * *."'" *Id.* quoting *State v. Stillwell*, 11th Dist. Lake No. 2006-L-010, 2007-Ohio-3190, ¶26 (internal citations omitted).

{¶24} "The Twelfth Appellate District subsequently released an opinion in which it disagreed with the Eighth Appellate District's majority opinion in *Klembus*. *State v. Hartsook*, 12th Dist. Warren No. CA2014-01-020, 2014-Ohio-4528, 21 N.E.3d 617. The *Hartsook* Court reasoned that the Ohio Supreme Court's opinion in [*State v. Wilson*, 58 Ohio St.2d 52, 388 N.E.2d 745 (1979)] was inapposite to the situation in *Klembus* and *Hartsook*. *Id.* at ¶52. *Wilson* involved a defendant who was charged under both a simple burglary statute and an aggravated burglary statute; *Klembus* and *Hartsook* involved individuals charged with a single OVI offense. *Id.* The *Hartsook* court

8

concluded: 'we believe the language of the respective statutes clearly indicates that the General Assembly intended R.C. 4511.19 and R.C. 2941.1413 to authorize cumulative punishments for a single OVI offense by a repeat offender.' *Id.*" *Reddick*, 2015-Ohio-1215, at ¶9-10.

{¶25} As noted above, even though appellant was indicted on two OVI charges and two repeat offender specifications, the charges and specifications were merged for sentencing purposes. Hence, since the additional four-year term under the sole specification is merely a cumulative punishment for a single OVI offense, *Reddick* and *Hartsook* apply.

{¶26} Accordingly, appellant's second assignment is also without merit and the trial court's judgment is affirmed.


TIMOTHY P. CANNON, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., dissent with a Dissenting Opinion.

{¶27} Finding merit with appellant's first assignment of error, I would reverse and remand.

{¶28} I am well aware that the United States Supreme Court has held that the only valid, constitutional reason for collaterally challenging a prior conviction is that the party was uncounseled in the prior proceeding. *See, e.g.*, *Mikolajczyk*, *supra*, at ¶27-33, quoting *State v. Culberson*, 142 Ohio App.3d 656 (7th Dist. 2001), citing *Custis v.*

9

*United States*, 511 U.S. 485 (1994). However, the Supreme Court of Ohio has held that the due process conferred under the Ohio Constitution is broader than that imposed on the state by the Fourteenth Amendment. *Stanton v. State Tax Com.*, 114 Ohio St. 658, 669-671 (1926). Depriving a citizen of his or her freedom is a serious matter. All possible due process should be afforded a citizen when faced with this prospect. In this case, appellant presented evidence that there was no plea hearing whatsoever in one of his prior OVI convictions – even though he was represented by counsel. The right to a hearing is fundamental to due process. Under the unique facts presented by this case, I do not think that prior OVI, in which *no* plea hearing seems to have been held, should be available to the state for purposes of enhancing appellant's sentence.

{¶29} I respectfully dissent.