[Cite as *State v. Lusane*, 2016-Ohio-5886.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-P-0009** |
| MATTHEW M. LUSANE, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2013 CR 04443

Judgment: Affirmed.


*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Matthew M. Lusane*, pro se, PID: A660-925, Trumbull Correctional Institution, TCC Camp, P.O. Box 640, 5701 Burnett Road, Leavittsburg, OH 44430 (For Defendant-Appellant).


THOMAS R. WRIGHT, J.

{¶1}    Appellant, Matthew M. Lusane, appeals the trial court's decision overruling his petition for postconviction relief. As his primary challenge, he asserts the trial court erred in concluding that res judicata bars consideration of the merits. For the following reasons, we affirm.

{¶2}    This is the second appeal appellant has brought from his conviction on two OVI charges and one count of driving while under suspension. In *State v. Lusane*,

11th Dist. Portage No. 2014-P-0057, 2016-Ohio-267, we upheld his conviction in all respects. In discussing the underlying charges against him, our opinion states, at ¶2:

{¶3} "In July 2013, appellant was indicted on [two] OVI offenses and one count of driving with a suspended license, a first-degree misdemeanor under R.C. 4510.11(A). The OVI charges were brought pursuant to R.C. 4511.19(A)(1)(h) and 4511.19(A)(1)(a), and allege that appellant had pleaded guilty to, or had been convicted of, five prior OVI offenses within the last twenty years making them fourth-degree felonies pursuant to R.C. 4511.19(G)(1)(d). The OVI counts also contain a repeat offender specification under R.C. 2941.1413, predicated upon the allegation that appellant had either been convicted of, or pleaded guilty to, five other OVI offenses in the past twenty years."

{¶4} Appellant filed multiple motions during the trial proceedings, two of which are pertinent to this appeal. First, his first trial counsel moved to suppress all evidence obtained during the traffic stop of his motor vehicle. During the evidentiary hearing on this motion, it was shown that the arresting officer's initial decision to follow appellant was based upon a 9-1-1 call from a private citizen who reported erratic driving. As a result, defense counsel requested that the state be required to provide an audiotape copy of the 9-1-1 call. Although the trial court denied appellant's separate motion to continue the suppression hearing, the court ordered the state to comply with the discovery request.

{¶5} Subsequently, the state provided a tape which had appellant's name on its cover. However, when appellant played the tape, he quickly realized it did not pertain to his case. When appellant again sought the correct tape, the state informed that a copy of the 9-1-1 call could no longer be given because the audiotape had been erased and used again pursuant to department policy. In light of this, appellant moved to dismiss all

2

pending charges on the grounds that the state failed to preserve relevant evidence. Upon hearing the state's explanation of the department policy, the trial court overruled the motion to dismiss.

{¶6} Under a separate motion, appellant sought dismissal of both OVI counts on the basis that one of his five previous OVI convictions was invalid. Specifically, he asserted his conviction in Portage County Municipal Court Case No. 2005 TCR 11364 was not enforceable because, even though a judgment was issued stating that he had pleaded guilty to the OVI offense, the municipal court did not hold a plea hearing prior to accepting the plea and imposing sentence. After conducting an evidentiary hearing, the trial court denied the motion to dismiss, finding that appellant had at least five prior valid OVI convictions and that he was represented by counsel in all of the prior proceedings.

{¶7} Once the trial court disposed of all pretrial motions, a jury trial was held. After the jury returned a guilty verdict on all three charges, the trial court merged the two OVI counts and the accompanying specifications for sentencing purposes and ultimately ordered appellant to serve an aggregate term of six years.

{¶8} Approximately eight months after appealing the final sentencing judgment, appellant filed a petition for postconviction relief, raising two claims. Over the ensuing months, he submitted two supplements to the petition, asserting two additional claims. First, he asserted that a second prior OVI conviction was invalid because it was based upon a no contest plea, instead of a guilty plea. Second, he maintained that the state committed fraud in attempting to give him a tape of a 9-1-1 call that did not pertain to his case. Third, he alleged that he was denied effective assistance of trial counsel during the evidentiary hearing that addressed his motion to dismiss based upon the lack of a plea hearing in the prior OVI action. Fourth, he argued that the markings the trial judge

3

made on the signature line of the sentencing judgment did not form a valid signature.

{¶9} After the state submitted a response to appellant's petition and moved for summary judgment, the trial court issued its final judgment dismissing the petition in its entirety. As to each of appellant's four claims, the court held that they were barred from consideration under the doctrine of res judicata.

{¶10} In appealing this determination, appellant raises three assignments of error:

{¶11} "[1.] The trial court erred by improperly using res judicata as the basis for dismissing appellant's petition before the decision of his first appeal of right in the OVI case.

{¶12} "[2.] The trial court erred by issuing insufficient findings and conclusions of law that make no reference to the specific portions of the file or record supporting the court's findings and that contradict the allegations in the petition, affidavits and evidence dehors the record.

{¶13} "[3.] The trial court erred by not holding an evidentiary hearing pursuant to R.C. 2953.21(E) where the evidence dehors the record established substantial grounds supporting appellant's claim that he was denied effective assistance of counsel in the OVI case."

{¶14} Under his first assignment, appellant maintains that none of his postconviction petition claims are subject to res judicata because they are based upon evidence not included in the record. In regard to three of his four claims, he cites the specific evidence upon which his arguments were predicated.

{¶15} "'[P] rinciples of *res judicata* prevent relief on successive, similar motions raising issues which were or could have been raised originally.' *Brick Processors, Inc.*

4

*v. Culbertson* (1981), 2 Ohio App.3d 478, 2 Ohio B. 604, 442 N.E.2d 1313, paragraph one on the syllabus. Stated differently, any issues that were raised or could have been raised by a defendant at the trial court level or on direct appeal are res judicata and not subject to review in subsequent proceedings. *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus; *State v. Davis*, 119 Ohio St.3d 422, 2008 Ohio 4608, at ¶6, 894 N.E.2d 1221.

**{¶16}** "Additionally, res judicata applies to proceedings involving postconviction relief. *State v. Szefcyk* (1996), 77 Ohio St.3d 93, 95, 1996 Ohio 337, 671 N.E.2d 233. However, the application of res judicata in postconviction proceedings is not absolute. *State v. Smith*, 4th Dist. No. 09CA3128, 2011 Ohio 664, at ¶10." *State v. Lintz*, 11th Dist. Lake No. 2010-L-067, 2011-Ohio-6511, ¶36-37.

**{¶17}** As appellant correctly notes, res judicata does not defeat a postconviction claim if the claim is supported by evidence outside the record. *State v. Sopjack*, 11th Dist. Geauga No. 96-G-2004, 1997 Ohio App. LEXIS 3789, *9-10 (Aug. 22, 1997). "'To avoid the application of res judicata, the evidence supporting appellant's claim must assert competent, relevant and material evidence outside the trial court's record, and it must not be evidence that existed or was available for use at the time of trial.'" *State v. Poling*, 11th Dist. Ashtabula No. 2012-A-0002, 2012-Ohio-3039, ¶19, quoting *State v. Schrock*, 11th Dist. Lake No. 2007-L-191, 2008-Ohio-3745, ¶21.

**{¶18}** The dispute regarding the 9-1-1 tape was raised before the trial court during an evidentiary hearing, at which time the state gave a full explanation as to why the wrong tape was given to appellant's counsel and why the tape pertaining to his case no longer existed. The precise issue before the trial court concerned whether appellant's due process rights were violated as a result of the state's failure to ensure

5

the preservation of the audiotape. Even though the materials attached to appellant's postconviction petition had information concerning the retention schedule of the state highway patrol, this information was identical to the prosecutor's statement during the evidentiary hearing: i.e., tapes of telephone calls were retained for only thirty days. Thus, appellant's "new" evidence is redundant, and the issue could have been fully considered in the direct appeal from the sentencing judgment.

**{¶19}** Under his third postconviction claim, appellant stated that he was denied effective assistance when his trial counsel failed to present evidence regarding whether a plea hearing took place during the 2005 OVI proceeding before the Portage County Municipal Court. Specifically, he alleged that counsel could have presented a transcript of a hearing in the prior case. However, as part of our holding in appellant's first appeal, this court concluded that a prior OVI conviction cannot be collaterally attacked on the basis that the failure to comply with Crim.R. 11(C) renders a guilty plea invalid. *Lusane*, 2016-Ohio-267, at ¶18. Accordingly, the transcript is irrelevant to disposition and was, if not in existence, previously available. Accordingly, res judicata applies.

**{¶20}** Under his fourth claim, appellant contends that the trial judge's markings on the final sentencing judgment do not constitute a valid signature. In trying to submit "evidence" supporting this claim, he attached to his petition a copy of a separate judgment the trial judge issued in another case. However the manner in which the trial judge may have signed other judgments has no bearing upon the validity of the signature on the sentencing judgment. To this extent, appellant did not present competent material or relevant evidence outside the record regarding his fourth claim. Moreover, signature comparisons existed and were previously available.

**{¶21}** As a separate argument on the res judicata issue, appellant maintains that

6

the trial court could not rely upon the doctrine because his direct appeal from the final sentencing judgment was still pending when the trial court ruled upon his postconviction petition. Citing *State v. Keeley*, 4th Dist. Washington No. 12CA15, 2013-Ohio-474, he argues that the final opinion on the direct appeal must be issued before res judicata can be invoked.

{¶22} As noted above, res judicata applies to any issue which was or *could have been* previously raised. *Lintz*, 2011-Ohio-6511, at ¶16. Therefore, the doctrine is applicable when an appeal is pending. As in this case, regardless of the pending appeal, the trial court was able to determine that all arguments presented were either previously decided on the merits or were capable of being previously advanced. Therefore, *Keeley* is unpersuasive.

{¶23} As the trial court did not err in dismissing appellant's petition on the basis of res judicata, his first assignment lacks merit.

{¶24} Under his second assignment, appellant asserts that the trial court's final judgment on his postconviction petition did not set forth sufficient findings of fact and conclusions of law to satisfy its statutory obligation under R.C. 2953.21(C). According to him, the trial court failed to fully discuss all issues and evidence cited in his petition.

{¶25} R.C, 2953.21(C) mandates that a trial court provides findings of fact and conclusions of law if it dismisses a petition for postconviction relief. The purpose for this requirement is to apprise both the petitioner and the appellate court of the basis for the decision so that it can be properly reviewed on appeal. *State v. Waskells*, 11th Dist. Portage Nos. 2012-P-0152 and 2013-P-0010, 2013-Oio-4121, ¶37, quoting *State v. Mapson*, 1 Ohio St.3d 217, 219, 1 Ohio B. 240, 438 N.E.2d 910 (1982). To satisfy the requirement, a trial court is not obligated to give a lengthy discussion or discuss every

7

issue raised by the petitioner. *State v. Grega*, 11th Dist. Ashtabula No. 2014-A-0052, 2015-Ohio-946, ¶11, quoting *State v. Calhoun*, 86 Ohio St.3d 279, 291, 1999-Ohio-102, 714 N.E.2d 905 (1999).

{¶26} In this case, the trial court stated the grounds for its decision as to each of the four claims raised by appellant. The court also provided an explanation regarding why res judicata bars each claim. To this extent, the court's judgment sufficiently states the basis for the decision and proper review. Thus appellant's second assignment is without merit.

{¶27} Under his final assignment, appellant maintains that the trial court erred in not holding an evidentiary hearing on his petition prior to issuing its ruling. In raising this point, he focuses solely upon his claim that he was denied effective assistance of trial counsel.

{¶28} Appellant's ineffective assistance claim was based upon two contentions. First, he contended that his counsel failed to present all existing evidence concerning whether a plea hearing was actually held in the prior Portage Municipal Court OVI case. But, as noted above, the lack of a plea hearing is not a viable basis for nullifying a prior OVI conviction for purposes of a felony OVI charge. As a result, a hearing was not required.

{¶29} The second basis for the ineffective assistance claim was that his counsel did not present all relevant evidence regarding the tape of the wrong 9-1-1 call. However, during the March 28, 2014 hearing, the trial court was informed of the state's mistake and that the tape of the relevant 9-1-1 call was erased. Therefore, the trial court had sufficient evidence before it to decide if any due process violation had occurred. Moreover, given that the state admitted that it provided the wrong tape, no

8

further evidence on the point was necessary.

{¶30} Appellant's petition did not state sufficient operative facts to demonstrate he was denied effective assistance of counsel during the trial proceedings. The trial court was, therefore, not obligated to hold an evidentiary hearing prior to dismissing his petition. *Waskells*, 2013-Ohio-4121, at ¶31. Accordingly, appellant's third assignment also lacks merit.

{¶31} The judgment of the Portage County Court of Common Pleas is affirmed.

TIMOTHY P. CANNON, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs with a Concurring Opinion.

_____

COLLEEN MARY O'TOOLE, J., concurs with a Concurring Opinion.

{¶32} Although I dissented from the majority opinion in appellant's prior appeal before this court, I concur in the present matter. I base my concurrence on the fact that appellant has already had a full appeal before this court. Disagreement with this court's prior decision, absent additional argument or evidence, is insufficient.

9