OPINION
{¶ 1} Appellant, Roy E. Schrock, appeals from the judgment of the Lake County Court of Common Pleas denying his Crim.R. 33 motion for a new trial. We affirm.
 {¶ 2} After a jury trial, in May of 1989, appellant was found guilty of twenty-two counts of rape, in violation of R.C.2907.02(A)(1)(b), eleven counts of kidnapping, in violation of R.C. 2905.01, and eleven counts of gross sexual imposition, in violation of R.C. 2907.05(A)(3). Appellant was sentenced to life imprisonment for each count of rape, an indefinite term of 10-25 years on each count of kidnapping, and two years on each count of gross sexual imposition, to be served consecutively.
 {¶ 3} On direct appeal, this court affirmed the jury verdict.[1] On July 3, 2000, appellant filed a petition for post conviction relief. The trial court overruled appellant's petition as it was untimely and appellant failed to meet the requirements for untimely filing. Appellant appealed and this court affirmed the trial court's decision.[2]
 {¶ 4} On December 29, 2003, some fourteen years after his conviction, appellant filed a pro se motion for a new trial pursuant to Crim.R. 33(A)(2). In his motion, appellant alleged that the state engaged in prosecutorial misconduct because it failed to establish the corpus delicti during his trial in 1989. In response, the state argued appellant's motion was untimely and without merit. In its March 9, 2004 judgment entry, the trial court denied appellant's motion due to its untimeliness and appellant's failure to follow the proper procedure set forth in Crim.R. 33 for filing an untimely motion.
 {¶ 5} Appellant now appeals and advances the following assignment of error:
 {¶ 6} "The trial court erred in denying defendant-appellant's motion for a new trial when the state failed to produce the corpus delicti."
 {¶ 7} A Crim.R. 33 motion for a new trial is addressed to the sound discretion of the trial court and will not be reversed save an abuse of discretion.[3] The term abuse of discretion suggests more than an error of law; it implies the court's attitude was unreasonable, arbitrary, or unconscionable.[4]
 {¶ 8} Crim.R.33(A)(2) provides in pertinent part that "[a] new trial may be granted * * * for any of the following causes affecting materially [the movant's] substantial rights: * * * misconduct of the jury, prosecuting attorney, or the witnesses for the state[.]" However, Crim.R. 33(B) establishes specific time limits for filing such motions depending upon the grounds asserted. Motions seeking a new trial under Crim.R. 33(A)(2) must be filed within 14 days after the verdict was rendered unless the trial court grants the movant leave to file a motion after the expiration of the time period. To obtain leave to file an untimely motion, the trial court must find, by clear and convincing evidence, that the movant was "unavoidably prevented" from filing the motion within the 14 day period.[5] The verdict in appellant's case was rendered on May 26, 1989. Appellant filed his Crim.R. 33 motion on December 29, 2003, some 14 years after the verdict was rendered. Appellant filed his untimely motion without leave of the trial court and without any attempt to demonstrate how he was unavoidably prevented from filing the motion within the timeframe established by the rule. Moreover, Crim.R. 33(C) requires a movant to submit an affidavit in support of the veracity of his or her claim. Appellant failed to attach an affidavit in support of his motion. The rule is clear and does not set forth exceptions for deviations from its procedure.[6]
 {¶ 9} Further, the time constraints and their attendant procedures are grounded upon sound policy:
 {¶ 10} "Allowing the defendant to file a motion for leave for a motion for a new trial at any time would frustrate the overall objective of the criminal rules in providing the speedy and sure administration of justice, simplicity in procedure and elimination of unjustifiable delay. In addition, without some standard of reasonableness, `a defendant could wait before filing his motion in the hope that witnesses would be unavailable or no longer remember the events clearly, if at all, or that evidence might disappear.'" (citation omitted).[7]
 {¶ 11} Accordingly, appellant's failure to seek leave from the court to file his motion is fatal.[8]
 {¶ 12} Even had appellant attempted to comply with Crim.R. 33 and properly sought leave to file his motion, he would be unable to demonstrate unavoidable delay. In his motion, appellant posits he is entitled to a new trial as the state failed to establish the "corpus delicti" during his 1989 trial. To be "unavoidably prevented" from filing a motion for new trial, the movant must have "no knowledge of the existence of the ground supporting the motion for a new trial and could not have learned of the existence of the ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence."[9]
 {¶ 13} The state's alleged failure to prove the corpus delicti during appellant's trial would have been patent from the face of the proceedings. Even if appellant had no specific knowledge of the state's alleged omission within the timeframe set by Crim.R. 33, the alleged error could have been acknowledged within 14 days of the verdict. That said, such a project would be difficult as the record shows that, in conjunction with appellant's confession, the three victims testified and gave a full account of appellant's crimes. Appellant's argument is generally unavailing.
 {¶ 14} The trial court did not abuse its discretion when it denied appellant's motion as appellant failed to submit any evidence as to why he should be entitled to file his motion so far outside the time set forth in the rule. The trial court properly overruled appellant's motion. Appellant's sole assignment of error is without merit.
 {¶ 15} For the above stated reasons, the judgment of the Lake County Court of Common Pleas is affirmed.
Ford, P.J., Grendell, J., concur.
[1] State v. Schrock (Nov. 8, 1991), 11th Dist. No. 89-L-14-099, 1991 Ohio App. LEXIS 5361.
[2] State v. Schrock, 11th Dist. No. 2000-L-155, 2002-Ohio-2109.
[3] State v. Laveck, 11th Dist. Nos. 2002-L-189, 2003-L-122,2005-Ohio-62.
[4] Id.
[5] Crim.R. 33(B).
[6] State v. Lordi, 149 Ohio App.3d 627, 634,2002-Ohio-5517.
[7] State v. Barnes (Dec. 30, 1999), 12th Dist. No. CA99-06-057, 1999 Ohio App. LEXIS 6421, 8.
[8] Crim.R. 45(B); See, also, State v. Tolliver, 10th Dist. No. 02AP-811, 2004-Ohio-1603, ¶ 118; State v. Roberts (2001),141 Ohio App.3d 578, 582.
[9] State v. Walden (1984), 19 Ohio App.3d 141, 146.