OPINION
{¶ 1} Appellant, David Lesure, Jr., appeals the trial court's denial of his "motion to correct improper sentence." For the reasons set forth below, we affirm.
 {¶ 2} On September 30, 2005, appellant was indicted on one count of theft, a felony of the fifth degree, in violation of R.C. 2913.02(A)(1) and three counts of forgery, felonies of the fifth degree, in violation of R.C. 2913.32(A)(1). The charges arose out of a failed attempt to steal merchandise from a Wal-Mart located in Eastlake, Ohio, *Page 2 
including 36 containers of baby formula, 10 shirts, and 2 bottles of hair gel. Appellant waived his right to be present at arraignment, and the court entered pleas of "not guilty" on his behalf.
 {¶ 3} On January 12, 2006, appellant pleaded guilty to one count of theft and one count of forgery. After a thorough plea colloquy, appellant waived his right to request a presentence investigation report, and was sentenced to eight months imprisonment on each count, to be served concurrently.
 {¶ 4} On June 5, 2006, appellant filed a "motion to correct improper sentence." Appellant premised his motion upon his assertion that the value of the items (upon which his felony theft conviction rested) was below $500.00 and therefore he should have been charged with misdemeanor theft rather than felony theft. Appellant based his contention upon a letter sent to his home address from Wal-Mart's counsel demanding restitution in the amount of $475.00. On June 6, 2006, the state filed its response motion and, on June 14, 2006, appellant filed a motion for summary judgment pertaining to the claims asserted in his initial motion.
 {¶ 5} On June 30, 2006, the Lake County Court of Common Pleas denied appellant's motion and dismissed the matter. The trial court construed appellant's motion to correct sentence as a petition for postconviction relief. In doing so, the court stated:
 {¶ 6} "The defendant has attached as an exhibit a Wal-Mart receipt totaling $538.47, without tax, which appears to be an itemization of the items taken from the Wal-Mart that led to the theft charges in this case. However, the defendant claims that four items on that receipt, two hair gels and two Suggs-Brown shirts, were items of his *Page 3 
own personal property that were not properly included in the total of the items taken from Wal-Mart, thus bringing the total to $475.00, making the offense a misdemeanor. However, the only evidence the defendant provides in support of his claims is a notice from a law firm representing Wal-Mart requesting payment in the amount of $475.00. It may be that Wal-Mart is requesting payment for only $475.00 because it has received partial payment from the defendant or his co-defendant. Further, the items which the defendant claims were items of his personal property and not items taken from Wal-Mart total $55.02, which would bring the total amount of the items taken from Wal-Mart to $483.45. Therefore, the fact that Wal-Mart is requesting payment in the amount of $475.00 rather than $538.47 is not evidence that the four items indicate[d] by the defendant were not items taken from Wal-Mart.
 {¶ 7} "The court finds that defendant has not presented any evidence in support of his claim that the amount at issue is less than $500.00. Further, even if true, the defendant could have elected to proceed to trial and present evidence that the amount at issue was less than $500.00, and, therefore, a misdemeanor rather than a felony. However, the defendant chose to enter a plea of guilty. Nothing has been presented to the court to indicate that the defendant did not enter his plea knowingly, intelligently, and voluntarily. Thus, even if the amount at issue was less than $500.00, the defendant has not shown the court that there has been a denial or infringement of his rights such as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States. Accordingly, the court finds that there are no substantive grounds for relief. The defendant's petition is hereby dismissed." *Page 4 
 {¶ 8} After the trial court dismissed the matter, appellant filed his notice of appeal on July 7, 2006.[1] He asserts one assignment of error:
 {¶ 9} "The defendant-appellant was denied due process of law when the trial court disposed of his petition for postconviction relief without an evidentiary hearing."
 {¶ 10} A defendant attempting to challenge a conviction or sentence through a petition for postconviction relief under R.C. 2953.21 is not automatically entitled to a hearing. State v. Calhoun,86 Ohio St.3d 279, 282, 1999-Ohio-102. A court need not hold a hearing unless the petitioner puts forth evidence demonstrating a cognizable claim of constitutional error. R.C. 2953.21(C); see, also, State v. Adams, 11th Dist. No. 2003-T-0064, 2005-Ohio-348, at ¶ 36. That is, a petitioner must put forth evidence that "* * * there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * *." R.C. 2953.21(A)(1)(a). "Pursuant R.C. 2953.21(C), a defendant's petition may be denied without a hearing when the petition, supporting affidavits, documentary evidence, files, and records do not demonstrate that the petitioner set forth sufficient operative facts to establish substantive grounds for relief." Adams, supra, citing,Calhoun, supra, at 281. An appellate court reviews the dismissal of a petition for postconviction relief for an abuse of discretion. Id. *Page 5 
 {¶ 11} Here, appellant contends his due process rights were violated because the felony theft charge, to which he pleaded guilty, was not supported by the underlying facts. Specifically, at the plea hearing, the state established the factual basis for the felony theft charge. In doing so, the state itemized the merchandise that was taken, the value of which, the state asserted, was $538.74. In his petition, appellant asserted the actual value of the merchandise was merely $475.00 which would constitute misdemeanor rather than felony theft. In support, appellant submitted, inter al., a letter from Wal-Mart's counsel, dated May 16, 2006, seeking restitution in that amount. Moreover, appellant asserted (for the first time in his petition) that several of the items, to wit, two bottles of hair gel and two "Suggs-Browns" tee shirts, were his personal property and thus, inappropriately included in the valuation of the merchandise.[2] Based upon the foregoing contentions, appellant now asserts he was entitled to a hearing on the petition. For the reasons that follow, we disagree.
 {¶ 12} First of all, although appellant asserts a "due process" violation, we can discern no violation of his constitutional rights. Appellant was afforded a full and thorough plea hearing during which the state set forth the factual basis of the charges, appellant admitted the truth of the charges, and the trial court ensured appellant intentionally and voluntarily relinquished his known rights and privileges in relation to those charges. To the extent there are no constitutional infirmities in the manner in which the court accepted appellant's guilty plea, we fail to see how his constitutional right to due process was compromised. Appellant, therefore, fails to assert a clear and *Page 6 
cognizable claim of constitutional error[3] On this basis alone, the trial court did not err in denying appellant's petition without a hearing.
 {¶ 13} Notwithstanding this conclusion, the issue raised in appellant's petition could have been raised on or before the date of his plea. Thus, appellant's petition is barred by the doctrine of res judicata. Specifically, the evidence included (1) the May 16, 2006 letter from Wal-Mart's counsel; (2) A witness statement from the Eastlake Police Department, dated July 12, 2005, discussing the merchandise taken; (3) A sales receipt, dated July 5, 2005, processed by a Wal-Mart manager, individually itemizing the merchandise and its value, viz., $538.47; (4) a witness statement from the Eastlake Police Department, dated July 5, 2005, relating one individual's factual observations pertaining to appellant's and his accomplice's attempted "get-away;" and (5) the complaint and summons, relating to the charges, from the Willoughby Municipal Court.
 {¶ 14} With the exception of the May 16, 2006 letter, each of the foregoing documents was available on or before the time of appellant's plea. Moreover, each of the documents, with the exception of the May 16, 2006 letter, show or suggest appellant aided and abetted in the theft of over $538 of merchandise from Wal-Mart. Further, although the letter was sent to appellant subsequent to his plea of guilty, the substantive *Page 7 
evidence appellant asserts it represents, i.e., that he aided in the theft of less than $500.00, would have been available on or before his plea as well. This is particularly evident in light of appellant's new, self-serving assertion that two t-shirts and the hair gel were his personal belongings.
 {¶ 15} At his plea hearing, the state listed the items taken, including those items he now asserts were his personal property, and appellant admitted his guilt regarding the theft of all of those items:
 {¶ 16} "Judge Lucci: Ms. Cornacchio, what's the basis for the recommendation, and what would the facts show if the case went to trial?
 {¶ 17} "[The State]: Thank you, Judge. The State would show that on July 5th, 2005, that the Defendant, David Lesure, and his friend, Anthony K. Smith, went to the Wal Mart in the City of Eastlake, Lake County, Ohio. What happened was, his Co-Defendant in this case, Anthony Smith, went into Wal Mart, took items out of the store, and those items included 36 cans of baby formula, 10 T-shirts and some hair gel. And the Defendant, Mr. Lesure, was in a car waiting for Anthony Smith. He popped the trunk for him and the 2 left the Wal Mart store. So they engaged in a scheme to steal from Wal Mart. * * * And the total of the merchandise taken from Wal Mart was $538.74, and all that merchandise was recovered.
 {¶ 18} "Judge Lucci: And Mr. Lesure, did you hear and understand everything the prosecutor has said?
 {¶ 19} "[Defendant]: Yes I did, sir.
 {¶ 20} "Judge Lucci: And is what she said true?
 {¶ 21} "[Defendant]: Yeah, absolutely, sir." *Page 8 
 {¶ 22} Under the doctrine of res judicata, a defendant who was represented by counsel may not raise an issue in a petition for postconviction relief if he or she raised or could have raised the issue at trial or on direct appeal. State v. Reynolds, 79 Ohio St.3d 158, 161,1997-Ohio-304. To avoid the application of the doctrine, the evidence supporting the petitioner's claim must assert competent, relevant, and material evidence outside the trial court's record, and it must not be evidence that existed or was available for use at the time of trial.Adams, supra, at ¶ 39.
 {¶ 23} Here, the evidence supporting appellant's petition could have been raised during the plea hearing. Even though appellant may not have had actual notice regarding the monetary amount Wal-Mart was seeking in restitution at the time he pleaded guilty, he had an opportunity to dispute the evidence at the time and refuse to plead guilty. He failed to do so and, in fact, enthusiastically admitted the truth of the state's allegations. Therefore, irrespective of appellant's failure to assert a clear constitutional violation that would render his conviction or sentence void or voidable, appellant's claim is also barred by res judicata. As such, no hearing on the matter was necessary.
 {¶ 24} Appellant's sole assignment of error lacks merit.
 {¶ 25} For the reasons discussed above, the judgment of the Lake County Court of Common Pleas dismissing appellant's petition for postconviction relief without a hearing is affirmed.
MARY JANE TRAPP, J.,
JUDITH A. CHRISTLEY, J., Ret., Eleventh Appellate District, sitting by assignment, concur.
[1] Based upon the information currently available before this court, it appears appellant has served his sentence for his underlying convictions. An appeal of a sentence is moot if the challenging party has served the sentence. State v. Smith, 11th Dist. No. 2000-L-195, 2002-Ohio-1330. However, even though appellant styled his "petition" as a "motion to correct unlawful sentence," the basis of the vehicle was to challenge the charge to which he ultimately pleaded guilty. As such, the substance of the underlying challenge was not directed at his sentence, but at the nature of the charge and his eventual conviction.
[2] Appellant's assertion was unsworn and unsubstantiated by any credible, independent evidence.
[3] We point out that appellant makes a brief argument that his trial counsel was ineffective for failing to investigate the fact that Wal-Mart was seeking only $475.00 rather than the full $538.74. However, where a petitioner fails to raise an allegation of ineffective assistance of counsel in his or her petition, the issue is waived on appeal. R.C. 2953.21(A)(4). However, even had appellant properly raised this issue, he admitted in open court he was "[o]ne hundred percent" satisfied with the representation his attorney provided. Moreover, appellant's new assertion that he owned the hair gel and two of the t-shirts would be, in our estimation, something he was obligated to disclose to his attorney. Such a disclosure would reasonably prompt his counsel to investigate the matter. However, the record reveals appellant admitted to aiding in the theft of all the merchandise alleged by the prosecution. When viewed in this light, appellant's argument reduces to the absurd; to wit, how could counsel be deemed ineffective for failing to investigate appellant's actual ownership of several of the items when appellant admitted he aided in the theft of all the merchandise that supported the charge? *Page 1