OPINION
{¶ 1} Appellant, Roy Schrock, appeals from the judgment entry of the Lake County Court of Common Pleas dismissing his successive petition for postconviction relief. For the reasons discussed below, we affirm.
 {¶ 2} After a jury trial, in May of 1989, appellant was found guilty of 22 counts of rape, in violation of R.C. 2907.02(A)(1)(b), 11 counts of kidnapping, in violation of R.C. 2905.01, and 11 counts of gross sexual imposition, in violation of R.C. 2907.05(A)(3). Appellant was sentenced to life imprisonment for each count of rape, an indefinite term *Page 2 
of 10-25 years on each count of kidnapping, and 2 years on each count of gross sexual imposition, to be served consecutively.
 {¶ 3} On direct appeal, this court affirmed the jury verdict.State v. Schrock (Nov. 8, 1991), 11th Dist. No. 89-L-14-099, 1991 Ohio App. LEXIS 5361. On July 3, 2000, appellant filed a petition for post conviction relief. The trial court overruled appellant's petition as it was untimely and appellant failed to meet the requirements for untimely filing. Appellant appealed and this court affirmed the trial court's decision. State v. Schrock, 11th Dist. No. 2000-L-155, 2002-Ohio-2109.
 {¶ 4} On December 29, 2003, nearly fourteen years after his conviction, appellant filed a pro se motion for a new trial pursuant to Crim. R. 33(A)(2). In his motion, appellant alleged that the state engaged in prosecutorial misconduct because it failed to establish the corpus delicti during his trial in 1989. In its March 9, 2004 judgment entry, the trial court observed the motion was untimely and denied the same for appellant's failure to follow the proper procedure set forth in Crim. R. 33 for filing an untimely motion. Appellant appealed this decision and, in State v. Schrock, 11th Dist. No. 2004-L-056,2005-Ohio-4040, this court affirmed the judgment of the trial court.
 {¶ 5} On September 4, 2007, appellant filed the instant, successive petition for postconviction relief. Attached to his petition is an unauthenticated letter dated August 25, 1988, allegedly written by Dr. S.E. Huang, which states:
 {¶ 6} "To Whom It May Concern:
 {¶ 7} "This letter is to confirm that I have examined Ronda Solley and Tammy Hughell in my office today at 4:30 p.m. The examination of both girls shows that the hymen ring is still intact, and no injury or trauma in the genital area." *Page 3 
 {¶ 8} Appellant claimed the foregoing letter proves his actual innocence. The state responded on September 26, 2007 arguing appellant was not unavoidably prevented from discovering the letter prior to his trial and, even if he were, the conclusions of the letter are insufficient to prove his innocence. On October 25, 2007, the trial court determined appellant was not unavoidably prevented from discovering the evidence and dismissed appellant's successive petition. Appellant now appeals from this judgment and asserts the following assignment of error:
 {¶ 9} "The trial court committed plain error when it denied appellant postconviction relief under [section] 2953.21 [sic] of the Ohio Revised Code."
 {¶ 10} Under his sole assignment of error, appellant asserts Dr. Huang's conclusions in the letter demonstrate there was no evidence of rape and therefore his incarceration represents "quintessential miscarriage of justice." We disagree.
 {¶ 11} As appellant has previously filed a petition for postconviction relief, he must first meet the jurisdictional requirements of R.C. 2953.23 to be entitled to a hearing. That statute provides, in relevant part:
 {¶ 12} "(A) * * * [A] court may not entertain * * * a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
 {¶ 13} "(1) Both of the following apply:
 {¶ 14} "(a) * * * the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief * * * *Page 4 
 {¶ 15} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.
 {¶ 16} "(2) [This section applies where DNA evidence proves actual innocence of the petitioner and thus is not applicable to the instant matter]."
 {¶ 17} Accordingly, to avoid dismissal, appellant was required to establish he was unavoidably prevented from the discovery of the facts upon which his claim was based, and that, but for the alleged constitutional error at trial, he would not have been found guilty of the offense.
 {¶ 18} The decision to entertain a second or successive petition for postconviction relief and motion for a new trial rests in the sound discretion of the trial court. See State v. Hayden, 2d Dist. No. 21764,2007-Ohio-5572, at ¶ 12. A trial court's decision dismissing a successive petition for postconviction relief will not be disturbed on appeal save a clear showing of an abuse of discretion. State v.Noling, 11th Dist. No. 2007-P-0034, 2008-Ohio-2394, at ¶ 34. "An abuse of discretion implies more than an error of law or judgment; rather, it indicates the court's attitude was unreasonable, arbitrary, or unconscionable." Id., citing, Hayden, supra.
 {¶ 19} We initially point out that appellant does not attempt to meet the jurisdictional requirements of a successive petition for postconviction relief set forth under R.C. 2953.23(A)(1). The appellate rules require an appealing party not only to assign errors in his or her appellate brief, but also to assert arguments in support of his or her allegations. See App. R. 16(A)(7). Appellant has failed to support his assignment *Page 5 
of error with any argumentation germane to the issue at hand. For this reason alone, appellant's assignment of error should be overruled.
 {¶ 20} Even if appellant made an attempt at establishing the jurisdictional elements of R.C. 2953.23(A)(1), a review of the trial record demonstrates he is unable to meet his burden. That is, the letter on which appellant relies was submitted to appellant's trial counsel on March 17, 1989 in response to the defense's motion for discovery. The state's response is designated in the record as T.d. 14 and the letter is the final item appended to the response motion. Clearly, a petitioner in postconviction proceedings cannot reasonably assert he was "unavoidably prevented" from discovering a piece of evidence in his (or his counsel's) possession at the time of trial.
 {¶ 21} Pursuant to the doctrine of res judicata, "a defendant who was represented by counsel may not raise an issue in a petition for postconviction relief if he or she raised or could have raised the issue at trial or on direct appeal." State v. Lesure, 11th Dist. No. 2006-L-139, 2007-Ohio-4381, at ¶ 22, citing State v. Reynolds,79 Ohio St.3d 158, 161, 1997-Ohio-304. To avoid the application of res judicata, the evidence supporting appellant's claim must assert competent, relevant and material evidence outside the trial court's record, and itmust not be evidence that existed or was available for use at the timeof trial. Lesure, supra, citing, State v. Adams, 11th Dist. No. 2003-T-0064, 2005-Ohio-348, at ¶ 39.
 {¶ 22} The letter at issue existed at the time of trial, was available to trial counsel, and is not evidence dehors the trial record. Moreover, Dr. Huang, the letter's purported author, was on appellant's trial witness list which was filed with the court on April 14, 1989. Appellant had access to Dr. Huang and an awareness of his findings at the time *Page 6 
of trial. Given the state of the trial record, it is clear that appellant cannot demonstrate "unavoidable prevention" and, in any event, appellant is barred by operation of the doctrine of res judicata from asserting his argument.
 {¶ 23} Finally, even if appellant was not barred from asserting his argument and he could assert a set of facts indicating he was unavoidably prevented from discovering the letter, he would be unable to demonstrate, by clear and convincing evidence, that no reasonable factfinder would have found him guilty. R.C. 2953.23(A)(1)(b). Appellant contends Dr. Huang's letter demonstrates appellant's actual innocence. However, the letter does not indicate that "no rape occurred." Appellant was charged with 22 counts of rape and 11 counts of gross sexual imposition. The former involved either cunnilingus or fellatio, while the latter involved some form of inappropriate touching. The qualitative nature of these charges does not necessitate any specific physical injury or trauma to the genital area. Thus, the conclusions set forth in the letter would have no necessary legal impact upon appellant's convictions. As a result, appellant is unable to show that no reasonable juror would have found him guilty in light of the conclusions set forth in Dr. Huang's letter.
 {¶ 24} For the reasons discussed above, appellant's sole assignment of error is overruled and the judgment of the Lake County Court of Common Pleas is hereby affirmed.
 DIANE V. GRENDELL, P.J., TIMOTHY P. CANNON, J., concur. *Page 1