[Cite as *State v. Rice*, 2017-Ohio-501.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-A-0071** |
| BRANDON J. RICE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas.
Case No. 2007 CR 392.

Judgment: Affirmed.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Joseph R. Klammer*, The Klammer Law Office, Ltd., The Historic Mentor Center Street School, 7482 Center Street, Unit 6, Mentor, OH 44060 (For Defendant-Appellant).


TIMOTHY P. CANNON, J.

{¶1} Appellant, Brandon J. Rice, appeals from the November 3, 2015 judgment of the Ashtabula County Court of Common Pleas, overruling his "renewed motion for an order allowing deposition and motion for status conference." For the reasons that follow, the judgment of the trial court is affirmed.

{¶2} In 2009, appellant was convicted of the murder of his four-month-old son, Braydon Rice, in violation of R.C. 2903.02(B). The jury found appellant guilty despite

his contention that Braydon was killed when appellant tripped over a walker toy and fell on top of the baby. Appellant was sentenced to an indefinite prison term of 15 years to life. This court affirmed appellant's conviction. *State v. Rice*, 11th Dist. Ashtabula No. 2009-A-0034, 2010-Ohio-1638.

**{¶3}** Appellant filed a petition for postconviction relief on July 20, 2010, which the trial court dismissed as untimely. We affirmed the trial court's dismissal. *State v. Rice*, 11th Dist. Ashtabula No. 2010-A-0046, 2011-Ohio-3746.

**{¶4}** On February 28, 2012, appellant filed a motion for a new trial, a motion for a status conference, and a motion for an evidentiary hearing and to allow the taking of the deposition of Dr. Joseph Felo, the supervising forensic pathologist at the Cuyahoga County Medical Examiner's Office. In his motion for new trial, appellant stated his newly-discovered evidence was Dr. Felo's opinion that Braydon's injuries were not caused by "one strike" and that the skull fractures "were more likely the result of a crushing type impact than a strike." Appellant alleged he was unavoidably prevented from discovering and producing this evidence at trial or within 120 days of the verdict, which is the time limit for filing such motion as set forth in Crim.R. 33(B).

**{¶5}** On September 26, 2012, appellant supplemented his motion, with leave of court, with a request for leave to file the motion for new trial outside of the 120-day timeline provided in Crim.R. 33. On October 12, 2012, appellant again supplemented his motion for new trial with a renewed motion for an order allowing the deposition of Dr. Felo.

**{¶6}** On November 28, 2012, the trial court overruled each of appellant's motions without first holding an evidentiary hearing. The trial court overruled appellant's

2

motion for new trial because appellant failed to submit clear and convincing evidence that he was unavoidably prevented from discovering "Dr. Felo's participation in the autopsy, or his potential opinion on the matter." Additionally, the trial court found that even if "Dr. Felo's opinion fully supported the defense theory in this matter; there is no strong possibility that Dr. Felo's testimony would change the result of a new trial." This court affirmed the trial court's decision. *State v. Rice*, 11th Dist. Ashtabula No. 2012-A-0062, 2014-Ohio-4285.

{¶7} On June 3, 2015, appellant filed a "renewed motion for an order allowing deposition and motion for status conference." In this motion, appellant asserted the trial court had yet to rule on his motion to depose Dr. Felo. The trial court denied this motion on November 3, 2015, on the basis of res judicata.

{¶8} From this judgment entry, appellant filed the instant appeal, asserting the following assignment of error:

{¶9} "The trial court erred in denying defendant's motion to allow deposition."

{¶10} Appellant argues the trial court's denial of his renewed motion to depose Dr. Felo was unreasonable and an abuse of discretion. This argument is grounded in his assertion that the trial court never ruled on his original motion to allow a deposition. Appellee responds that the trial court did rule on the original motion and, therefore, the renewed motion was barred by res judicata.

{¶11} We generally apply an abuse of discretion standard when reviewing a trial court's decision regarding motions for new trial and, thus, motions to order a deposition to support a motion for new trial. *See Rice*, 2014-Ohio-4285, at ¶9 (citations omitted); *see also Harris v. Huff*, 11th Dist. Trumbull No. 2008-T-0090, 2010-Ohio-3678, ¶175

3

(citations omitted). Whether a motion is barred by the doctrine of res judicata, however, is a legal determination we review de novo. *Zamos v. Zamos*, 11th Dist. Portage No. 2008-P-0021, 2009-Ohio-1321, ¶14 (citation omitted). The doctrine of res judicata prevents relitigation of issues already decided by a court. *State v. McDonald*, 11th Dist. Lake No. 2003-L-155, 2004-Ohio-6332, ¶21 (citation omitted).

{¶12} Contrary to appellant's assertion, the trial court did rule on his original motion to allow a deposition in its November 28, 2012 entry. In its November 3, 2015 entry, which is currently before us on appeal, the trial court explained its previous disposition:

> The Defendant argues that the Court has yet to rule on the Motion for an Order Allowing Deposition. However, this is incorrect. In the Defendant's October 12, 2012, motion, he requested that a new trial be granted, or in the alternative, that the Court issue an order allowing the testimony of Dr. Felo to be secured through deposition. In the November 28, 2012 judgment entry denying the Defendant's motions, the Court specifically considered Defendant's October 12th motion. In that entry, the Court denied the Defendant's request for a new trial. Since the Court was considering the February 28th motion and the October 12th motion, the judgment entry also denied Defendant's alternative request to secure Dr. Felo's testimony. Moreover, it is axiomatic that the doctor's testimony is unnecessary if there is not going to be a new trial where it could be introduced.

{¶13} We agree that the trial court's November 28, 2012 entry addressed and denied appellant's motion for an order to depose Dr. Felo. In that entry, the trial court stated the following:

> Counsel seeks leave to depose the doctor, as the doctor's employer has purportedly forbidden him from providing an affidavit in support of Defendant's motion.
>
> * * *

4

The Court does not find by clear and convincing evidence that Defendant was unavoidably prevented from the discovery of Dr. Felo's participation in the autopsy, or his potential opinion on the matter. * * * The Court does not find that defense counsel was in any way prevented from interviewing Dr. Felo prior to, or during, trial in this matter.

* * *

In light of the evidence adduced at trial in this matter, there is no strong possibility that Dr. Felo's testimony would change the result of a new trial. Accordingly, even assuming Defendant was unavoidably prevented from discovering Dr. Felo's opinion prior to or during trial, Defendant's motion for new trial based on newly discovered evidence would have no merit.

IT IS, THEREFORE, ORDERED that Defendant's February 28, 2012 Motion for New Trial be, and the same hereby is, OVERRULED.

{¶14} It is clear from the reasoning espoused in this entry that, even if it was merely implicit, appellant's October 12, 2012 motion for an order to depose Dr. Felo was also overruled. The issue was ripe for review at that time. Appellant could have, but did not, raise this issue in his previous appeal from the trial court's final and appealable November 28, 2012 entry. Thus, appellant's June 3, 2015 renewed motion for an order to depose Dr. Felo was barred by the doctrine of res judicata.

{¶15} At oral argument, appellant's counsel argued that the "renewed" motion was actually a "new" motion and, thus, not barred by the doctrine of res judicata. Even if we assumed the June 3, 2015 motion was "new," it was nevertheless based on the same arguments and the same evidence as the October 12, 2012 motion. Because the issue was already litigated and determined, the June 3, 2015 motion is barred by the doctrine of res judicata regardless of whether it is considered "renewed" or "new." As a result, the assertions made at oral argument regarding the merits of the motion to

5

depose and the motion for new trial simply cannot be considered by this court at this time.

{¶16} In his post-argument brief, appellant argues we should not apply the res judicata doctrine because it will result in an injustice. Appellant refers us to *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60 (1990), in which the Ohio Supreme Court held:

> '(E)xceptions to res judicata most commonly and properly are invoked only in specialized situations in which a specific policy is deemed to outweigh judicial economy concerns.' * * * For example, habeas corpus actions are exempt from *res judicata* because 'conventional notions of finality of litigation have no place where life or liberty is at stake[.]'

*Id.* at 63, quoting Friedenthal, Kane & Miller, Civil Procedure 656 (1985), Section 14.8, and *Sanders v. United States*, 373 U.S. 1, 8 (1963). In applying its own precedent, however, the Ohio Supreme Court subsequently "held that *res judicata* is applicable to *successive* habeas corpus petitions because habeas corpus petitioners have the right to appeal adverse judgments in habeas corpus cases." *State ex rel. Childs v. Lazaroff*, 90 Ohio St.3d 519, 520 (2001), citing *Hudlin v. Alexander*, 63 Ohio St.3d 153, 155-156 (1992) (emphasis added).

{¶17} Similarly here, we do not find that injustice will result if res judicata is applied to bar appellant's successive motion to depose Dr. Felo. Appellant had the right and the opportunity to appeal the trial court's adverse judgment issued on November 28, 2012. Further, we stand by the conclusion reached in our previous opinion:

> The record reflects that appellant was provided with Dr. Felo's name and contact information at the Cuyahoga County Coroner's Office on December 10, 2007, five months before trial. Additionally, Dr. Frank P. Miller, the Cuyahoga County Coroner, testified at trial that Dr. Felo was in the autopsy room from 'beginning to end' and

6

was the autopsy's supervising physician. Appellant was afforded ample opportunity to inquire into Dr. Felo's opinion regarding Braydon's injuries and cause of death. Appellant does not offer any evidence to support his argument that Dr. Felo's opinion could not have been obtained within the 120-day period, except that he did not know Dr. Felo had any relevant evidence to provide. Accordingly, the trial court did not err in overruling appellant's motion for a new trial once it properly concluded that appellant failed to demonstrate by clear and convincing proof that he was unavoidably prevented from discovering Dr. Felo's testimony.

*Rice*, 2014-Ohio-4285, at ¶17. Appellant was unsuccessful in his motion for new trial, in part, because he was not unavoidably prevented from discovering the basis of Dr. Felo's testimony. Deposing Dr. Felo would therefore be an exercise in futility if the trial court is refusing a new trial on that ground.

**{¶18}** For all of these reasons, we hold the trial court's November 3, 2015 denial of appellant's renewed motion to depose Dr. Felo was not error.

**{¶19}** Appellant's sole assignment of error is without merit.

**{¶20}** The judgment of the Ashtabula County Court of Common Pleas is hereby affirmed.

DIANE V. GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

**{¶21}** I respectfully dissent for the reasons outlined in my dissenting opinion in this court's prior case involving appellant, *State v. Rice*, 11th Dist. Ashtabula No. 2012-A-0062, 2014-Ohio-4285.

7