[Cite as *State v. Foster*, 2017-Ohio-5820.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | **No. 17AP-106** |
| v. | : | (C.P.C. No. 81CR-2862) |
| Walter L. Foster, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

# D E C I S I O N

### Rendered on July 13, 2017

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

**On brief:** *Walter L. Foster*, pro se.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Walter L. Foster, appeals from a judgment of the Franklin County Court of Common Pleas denying his third application for DNA testing. For the following reasons, we affirm that judgment.

## I. Factual and Procedural Background

{¶ 2} In 1982, a jury found appellant guilty of murder and attempted murder. The trial court sentenced him accordingly. This court affirmed his convictions. *State v. Foster*, 10th Dist. No. 83AP-65 (memorandum decision) ("*Foster* 1").

{¶ 3} Since then, appellant has filed numerous postconviction applications for DNA testing in the trial court. In 2008, he filed an application for DNA testing of a number of items, including clothes, a screwdriver and knife that were used as the murder

weapons, and other evidence taken from the victim's apartment.  After a hearing, a magistrate of the trial court denied the application, concluding that DNA testing, even one that would exclude appellant, would not have been outcome determinative at his trial.[1] Specifically, after a thorough review of the evidence presented at appellant's trial, including the testimony of the eyewitnesses to the crimes, the magistrate noted that the eyewitnesses "collectively identified [appellant] as the person who stabbed [one of the victims] * * * as the person who held a bloody knife and a bloody screwdriver at the scene of the crime, with blood on his bare hands and arms, and as the person who walked away from [the victim] as she lay bleeding on the floor."  Additionally, before the victim died from her wounds, she identified appellant as her attacker.  Over objections, the trial court adopted the magistrate's decision and denied appellant's application for DNA testing. This court affirmed that decision, concluding that DNA testing would not provide evidence which was outcome determinative.  *State v. Foster*, 10th Dist. No. 10AP-317, 2010-Ohio-5155, ¶ 8 ("*Foster* 2").

{¶ 4}  Appellant filed a second application for DNA testing in 2011.  This application sought testing of clothing and fingerprints on the alleged murder weapons. The trial court again denied the application.  Appellant did not timely appeal that judgment and this court denied his motion for leave to file a delayed appeal from the judgment because he did not provide a reasonable explanation for his failure to file a timely appeal.  *State v. Foster*, 10th Dist. No. 12AP-92 (memorandum decision) ("*Foster* 3").

{¶ 5}  Appellant filed a third application for DNA testing in 2016.  This one again sought DNA testing of the knife and screwdriver.  The trial court denied the application.

## II. Appellant's Appeal

{¶ 6}  Appellant appeals and assigns the following error:

> Whether the trial court abused its discretion to deny DNA testing pursuant to R.C. 2953.73 on evidence obtained at the crime scene * * * when the testing would have been outcome

---

[1] In deciding whether to accept an application for DNA testing, a trial court must determine whether the applicant demonstrated that a "DNA exclusion when analyzed in the context of and upon consideration of all available admissible evidence related to the subject offender's case * * * would have been outcome determinative at that trial stage in that case."  R.C. 2953.74(B)(2).  "Outcome determinative" is defined as a showing of "a strong probability that no reasonable factfinder would have found the offender guilty of that offense."  R.C. 2953.71(L).

> determinative excluding defendant as the perpetrator of the crime for which he was convicted proving his innocence.

{¶ 7} Appellant argues that the trial court erred by not granting his application because there is a strong probability that the results of his trial would have been different. We disagree.

{¶ 8} Appellant's current application sought DNA testing of the knife and screwdriver that were also the subject of his first application for DNA testing in 2008. The trial court denied the 2008 application after concluding an exclusion result would not have been outcome determinative at his trial. This court affirmed that ruling, stating that "[g]iven the testimony of [three eyewitnesses], DNA testing could not possibly result in a different set of verdicts for Foster" and that "DNA testing would not provide evidence which was outcome determinative." *Foster 2* at ¶ 6, 8. Because appellant's current application for DNA testing concerns the same items at issue in his first application in *Foster 2*, and because both applications were considered under the same version of the statute,[2] this court has already determined that such application is without merit, and it is barred by res judicata. *State v. Caulley*, 10th Dist. No. 09AP-172, 2009-Ohio-5801, ¶ 13 (applying res judicata to reject defendant's second application for DNA testing of the same items at issue in a previous application).

## III. Conclusion

{¶ 9} The trial court did not err by rejecting appellant's third application for DNA testing. Accordingly, we overrule appellant's assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and HORTON, JJ., concur.

───────────────

[2] Prior to 2006, "outcome determinative" was defined to require that "no reasonable factfinder would have found the [defendant] guilty of the offense," a much higher burden to meet then the current definition, which only requires a "strong probability" that no reasonable factfinder would have found the offender guilty. *State v. Emerick*, 2d Dist. No. 24215, 2011-Ohio-5543, ¶ 49-51. This change, at least in part, is the reason that two appellate courts have refused to apply res judicata to a successive application for DNA testing, even of the same items, where one application was considered under the stricter version of the statute and the second would be considered under the less strict standard. *Id.* at ¶ 30, citing *State v. Ayers*, 185 Ohio App.3d 168, 2009-Ohio-6096, ¶ 26 (8th Dist.); *State v. Hayden*, 2d Dist. No. 24992, 2012-Ohio-6183, ¶ 37 (rejecting res judicata where "no prior ruling by this court that applied the facts at trial to the current version of the post-conviction DNA testing statute").