[Cite as *State v. Lemons*, 2020-Ohio-3772.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-T-0058** |
| CHARLES LEMONS, III, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2007 CR 00806.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, *Ashleigh Musick*, Assistant Prosecutor and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, Ohio 44481-1092 (For Plaintiff-Appellee).

*Charles Lemons, III,* pro so, A563-098, Richland Correctional Institution, 1001 Olivesburg Road, P.O. Box 8107, Mansfield, Ohio 44905 (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Charles Lemons, III, was convicted of multiple crimes and sentenced to 58 years in prison. In 2015 he applied for DNA testing of a ball peen hammer. That application was denied and appealed. The appeal was dismissed for failure to prosecute.

{¶2} In 2019 appellant again applied for DNA testing. The application repeats the request to test the ball peen hammer and additionally seeks testing of the rape kit. The application was denied.

{¶3} Appellant appeals assigning the following as error:

{¶4} "The trial court erred by denying defendant-appellant access to D.N.A. testing pursuant to R.C. 2953.71 and R.C. 2953.91.

{¶5} "Prosecutorial misconduct by withholding exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83, 87, 88."

{¶6} Appellant's assignments are barred by res judicata.

{¶7} "'"[P]rinciples of res judicata prevent relief on successive, similar motions raising issues which were or could have been raised originally." *Brick Processors, Inc. v. Culbertson* (1981), 2 Ohio App.3d 478, 2 Ohio B. 604, 442 N.E.2d 1313, paragraph one on the syllabus. Stated differently, any issues that were raised or could have been raised by a defendant at the trial court level or on direct appeal are [barred by] res judicata and not subject to review in subsequent proceedings. *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus; *State v. Davis*, 119 Ohio St.3d 422, 2008 Ohio 4608, at ¶ 6, 894 N.E.2d 1221.'" *State v. Lusane*, 11th Dist. Portage No. 2016-P-0009, 2016-Ohio-5886, ¶ 15.

{¶8} Moreover, res judicata applies to successive applications for DNA testing of the same items, *State v. Quinn*, 6th Dist. Lucas No. L-18-1055, 2018-Ohio-4536. ¶ 9; *State v. Foster*, 10th Dist. Franklin No. 17AP-106, 2017-Ohio-5820, ¶ 8, and in the absence of advancements in testing capable of providing results not obtainable at the

2

time of the prior request, as here, we see no reason not to apply it to the rape kit which was not, but could have been, included in his first application.

{¶9} The judgment of the trial court is affirmed.


CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.